456 So.2d 339 (1982)
Kenneth WIGLEY
v.
STATE.
8 Div. 685.
Court of Criminal Appeals of Alabama.
November 23, 1982.
Rehearing Denied December 28, 1982.
Certiorari Denied March 4, 1983.
Charles B. Langham, Decatur, for appellant.
Charles A. Graddick, Atty. Gen., and Billington M. Garrett, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 82-336.
BARRON, Judge.
Kenneth Wigley was indicted and convicted in the Morgan County Circuit Court for violation of § 13A-11-72(a), Ala.Code 1975, for having a pistol in his possession or control after having been convicted of committing or attempting to commit a crime of violence. He was sentenced to 20 years under the Habitual Felony Offender Act. Hence this appeal.

I
Appellant contends that one of his two companions had pleaded guilty to possession of the pistol which the State contends was possessed by appellant and that such action therefore exculpated appellant. Appellant's contention is without merit.
The issue of possession or control, either active or constructive, of a pistol by *340 appellant was a question of fact for the jury to resolve, and the evidence was in conflict. Appellant testified that he did not have the pistol and that he had no knowledge of its being in the truck. The law enforcement officer testified that the pistol was found under appellant's leg, and that appellant claimed ownership of the gun at the scene. The evidence was sufficient to sustain the jury's finding.
The trial court's denial of appellant's motion for a new trial was proper.

II
Appellant urges that he was erroneously brought within the purview of the Habitual Felony Offenders Act for sentencing.
The charging portion of the indictment provides that:
"Kenneth Wigley, whose name is to the Grand Jury otherwise unknown, did own a pistol, or have one in his possession or under his control, theretofore having been convicted in this state or elsewhere of committing a crime of violence, to-wit: on August 31, 1970, the said Kenneth Wigley plead guilty to the offense of Burglary in the Second Degree in the Circuit Court of Cullman County, Alabama, in violation of Section 13A-11-72 of the Code of Alabama."
The statute under which appellant was tried and convicted, § 13A-11-72(a), Ala. Code 1975, provides:
"No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control."
The punishment for violation of the statute is imprisonment for not more than five years. Ala.Code 1975, § 13A-11-84(a).
The offense is a Class C felony. See Nunnery v. State, 410 So.2d 444 (Ala.Cr. App.1981).
The Habitual Felony Offenders Act, § 13A-5-9, Ala.Code 1975, provides in part as follows:
"(a) In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows:
"(1) On conviction of a Class C felony, he must be punished for a Class B felony ...."
The punishment range for a Class B felony is 2 to 20 years. Ala.Code 1975, § 13A-5-6(a)(2).
Appellant had one prior conviction, burglary in the second degree on August 18, 1970, in the Cullman County Circuit Court. Burglary is one of the enumerated crimes of violence applicable to the pistol violation. Ala.Code 1975, § 13A-11-70.
Appellant's 1970 burglary conviction was utilized by the State to bring appellant within the provisions of the current pistol possession charge, and was also used by the State to activate the Habitual Felony Offenders Act. Appellant contends this was error.
The question presented amounts to this:
May the previous felony conviction, which is relied on as a necessary element and ingredient in order to constitute the pistol possession offense outlined in § 13A-11-72(a), Ala.Code 1975, also be used to invoke the Habitual Felony Offenders Act?
We think the question must be answered in the negative.
Possession or control of a pistol without a permit, as is the case here, is a misdemeanor only (§ 13A-11-50, Ala.Code 1975), but is elevated to felony status by addition of the element or ingredient of having previously "been convicted in this state or elsewhere of committing or attempting to commit a crime of violence."
The pistol possession offense takes into account a prior crime of violence, which is a requisite element and ingredient of the offense. Presumably, the legislature considered such in (1) making the pistol possession under those circumstances a felony, and (2) establishing a maximum punishment of five years' imprisonment.
*341 In instances when there is only one prior conviction, and that conviction is a necessary element or ingredient of the currently charged offense, such prior conviction is not available and may not again be used to enhance the punishment under the Habitual Felony Offenders Act. To hold otherwise would nullify the punishment provision of the currently charged offense as contained in § 13A-11-84(a), Ala.Code 1975, because the prior conviction would always activate the Habitual Felony Offenders Act; we do not believe that the legislature intended that result.
For the reasons stated, the judgment of conviction of appellant is affirmed, and the cause is remanded for sentencing in accordance with the foregoing opinion.
AFFIRMED; CAUSE REMANDED WITH DIRECTIONS.
HARRIS, P.J., and TYSON and BOWEN, JJ., concur.
DeCARLO, J., dissents.
DeCARLO, Judge, dissents.
A charge of escape in the first degree requires pleading and proof that the person charged was a convicted felon. § 13A-10-31, Code of Alabama (1975), and this conviction can be used for enhancement purposes. See Webster v. State, 403 So.2d 299 (Ala.Cr.App.), cert. denied, 403 So.2d 303 (Ala.1981). It would seem to follow that a conviction for possession of a weapon after a conviction of a crime of violence could be used for enhancing punishment even though the felony proved as an element of the offense was the only felony considered.
Therefore, the fact that it is necessary to plead and prove that the accused in the present case was a convicted felon should not preclude the right to also prove the prior felony conviction for the additional purpose of adjudicating the accused an habitual offender.
We must not lose sight of the fact that our legislature has deemed escape in the first degree and possession of a firearm after conviction of a crime of violence to be separate offenses in and of themselves even though a prior felony conviction is a necessary element of each. This was done to protect the general public from a particular class of individuals, that being convicted felons, by prohibiting that class from engaging in certain conduct after conviction of a felony.
I respectfully dissent.