BOWEN, Judge.
Cedrick John soil, the appellant, was convicted of unlawfully possessing a pistol-in violation of Ala.Code 1975, § 13A-ll-72(a). He was fined $1,000, was ordered to pay $1,000 to the Victims’ Compensation Fund, and was sentenced to 40 years’ imprisonment as a habitual felony offender. He raises four issues on this appeal from that conviction.
I.
The appellant argues that the evidence does not support his conviction because the State failed to prove 1) that he had the requisite criminal intent and 2) that he had been convicted of a crime of violence.
A.
The appellant was convicted of a violation of Ala.Code 1975, § 13A-ll-72(a), which provides:
“(a) No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control.”
This is a “strict liability” offense in the sense that no criminal intent is required for its commission. In Fielding v. State, 135 Ala. 56, 33 So. 677 (1903), the Alabama Supreme Court held that intent is not an element of what is now § 13A-11-50 prohibiting the carrying of a concealed weapon.
“It is the act of carrying the pistol concealed about the person which the law condemns, and it is, therefore, unimportant whether there was a particular intent to carry it concealed or not. If carried concealed carelessly or indifferently, it is a violation of the law. The charges requested by the defendant relative to his intent as to the manner of his carrying the pistol were properly refused. Barker v. State, 126 Ala. 83, 28 So. 589 [1900].”
Fielding, 135 Ala. at 58, 33 So. at 677-78.
In Dickerson v. State, 517 So.2d 625, 626-27 (Ala.Cr.App.1986), reversed on other grounds, 517 So.2d 628 (Ala. 1987), this Court upheld the constitutionality of § 13A-ll-72(a) over the objection that the statute requires no specific intent to commit the crime.
The general rule is stated in 94 C.J.S. Weapons § 5 (1956):
“While intent is an indispensable element of the crime of carrying a weapon, and of unlawful possession, under some statutes, ... the intent deemed indispensable is merely the intent to do the prohibited act, rather than the intent to violate the law, with the result that it has been held that the intentional doing of the prohibited act constitutes in itself a complete criminal offense, irrespective of the purpose or motive of accused, unless the purpose is of a kind permitted by the statute.” (Footnotes omitted.)
The federal counterpart to our § 13A-ll-72(a) is 18 U.S.C. § 922(g) (1988), which provides:
*663 “It shall be unlawful for any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce:”
To sustain a conviction for this offense, “the government must show that an accused’s possession of a firearm was knowing and wilful, but it does not have to show that the accused knew that he was a felon, or knew that it was unlawful for him to possess the firearm.” Annot., 13 A.L.R.Fed. § 11 (1972) (discussing former 18 U.S.C.App. § 1202(a), which was repealed in 1986, Pub.L. No. 99-308, § 104(b), 100 Stat. 459 (1986), and which was essentially the same offense as that found in current 18 U.S.C. § 922(g), United States v. Martin, 732 F.2d 591, 592-93 (7th Cir.1984)). See also United States v. Schmitt, 748 F.2d 249, 251-52 (5th Cir.1984), cert. denied, 471 U.S. 1104, 105 S.Ct. 2333, 85 L.Ed.2d 850 (1985); United States v. Lehmann, 613 F.2d 130, 134-35 (5th Cir.1980); United States v. Holmes, 594 F.2d 1167, 1173 (8th Cir.), cert. denied, 444 U.S. 873, 100 S.Ct. 154, 62 L.Ed.2d 100 (1979).
In this case, the State proved that the appellant “intended” to possess the pistol. The pistol was discovered under the driver’s seat of the automobile the appellant had been driving. When the appellant got out of the car he was wearing a shoulder holster. Immediately before the automobile was stopped by the police, it appeared that the appellant was placing something under the seat. The appellant had a .pistol permit.
Under Alabama law, a strict liability offense is one in which “[t]he minimum requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing.” Ala.Code 1975, § 13A-2-3. “If a culpable mental state on the part of the actor is required with respect to any material element of an offense, the offense is one of ‘mental culpability.’ ” § 13A-2-3.
“Although no culpable mental state is expressly designated in a statute defining an offense, an appropriate culpable mental state may nevertheless be required for the commission of that offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, states a crime of mental culpability.”
Ala.Code 1975, § 13A-2-4(b).
“Knowingly” is a culpable mental state. § 13A-2-l(6). “A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of that nature or that the circumstance exists.” § 13A-2-2(2). Consequently, if the defendant’s possession of the pistol must be “knowing,” the offense is not a strict liability offense, as that term is defined in the Alabama Criminal Code, even though the State was not required to prove that the appellant knew that he had a prior conviction of a crime of violence or that he knew that it was unlawful for him to possess the pistol. Compare Pardue v. State, 571 So.2d 333, 334 (Ala.1990) (for purposes of first degree burglary under § 13A-7-5(a), there is no difference between being in possession of a deadly weapon and being armed with a deadly weapon).
In a prosecution for a violation of the unlawful possession of drugs, “[knowledge by the accused of the presence of the controlled substance is an essential element and prerequisite to conviction for the offense of illegal possession of a controlled substance under the Alabama Controlled Substances Act.” Ex parte Wells, 527 So.2d 762, 763 (Ala.1988) (quoting Temple v. State, 366 So.2d 740, 741 (Ala.Cr.App.1979)). This same rule should apply in this case.
In accord with the above authorities, we hold that in order to prove a violation of § 13A-ll-72(a), the State must show that *664 the accused’s possession of a firearm was knowing, but it does not have to show that the accused knew that he was a felon, or knew that it was unlawful for him to possess the firearm.
To the extent that this issue was raised in the appellant’s motion for a directed verdict of acquittal and motion for a new trial, those motions were properly denied.
B.
The appellant argues that the State did not prove that the offenses of which he had been convicted constituted “crimes of violence.” The State proved that the appellant had been convicted of burglary in the third degree and theft of property in the first and second degrees. The indictment specifically alleged that these were “crimes of violence.”
Section 13A-ll-70(2) specifically classifies both “burglary” and “larceny” as “crimes of violence.” See Jackson v. State, 37 Ala.App. 335, 338, 68 So.2d 850, 852, cert. denied, 260 Ala. 698, 68 So.2d 853 (1953); Goodwin v. State, 46 Ala.App. 149, 150, 152, 239 So.2d 221, 223 (1970); Dunaway v. State, 50 Ala.App. 200, 202 n. 1, 278 So.2d 200, 202 n. 1, cert. denied, 291 Ala. 93, 278 So.2d 205 (1973). Sections 13A-11-70 and -72 were not enacted as a part of Alabama’s new Criminal Code. See 1977 Ala.Acts 812, No. 607 (January 1, 1980). Those sections were criminal laws in Alabama prior to the passage of the new Criminal Code, see Ala.Code 1975, §§ 13-6-150 and -152, and were transferred to the Criminal Code from Title 13, see Table II— Sections Transferred (to Title 13A) 1982 Replacement Vol. 12, Ala.Code 1975 at 3.
Burglary and theft are defined in the Alabama Criminal Code, § 13A-7-7 and § 13A-8-2, respectively, and each offense embraces acts which would not have constituted its predecessor offense prior to the Criminal Code. See § 13-2-41 (burglary in the second degree), § 13-3-50 (grand larceny), and § 13-3-51 (petit larceny).
No objection raising this issue was presented to the circuit court. “Matters not objected to at trial cannot be considered for the first time on appeal, since review on appeal applies only to rulings by the trial court.” Adams v. State, 585 So.2d 161 (Ala.1991).
II.
The appellant argues that the trial court should have instructed the jury on the appellant’s defense of good faith because the Montgomery County Sheriff’s Office had issued him a permit to carry a pistol. He further argues that since he was “authorized” to carry a pistol, the State was estopped to prosecute him for the unlawful possession of a pistol. Both of these arguments are without merit.
The fact that one has a permit to carry a pistol is not a defense to a prosecution for the unlawful possession of a pistol after a conviction of a crime of violence.
“[I]t is clear to this court that any person who has been convicted of committing or attempting to commit a crime of violence is not a suitable person to be licensed to own a pistol or have one under his possession or control. The sheriff therefore had no authority to issue a pistol permit to the appellant and the license is void.”
Crawford v. State, 356 So.2d 690, 691 (Ala.Cr.App.), cert. denied, 356 So.2d 691 (Ala.1978). Even a pardon of the conviction of the crime of violence does not “vitiate or destroy” the effect of § 13A-ll-72(a).
“The effect of this act [§ 13A-11-72] was to vest in the people of Alabama a real and vital social interest designed to enhance their own protection. Such interest vested in the society of this State upon the appellant’s conviction of murder in the second degree on 30 March 1939. It cannot properly be deemed to have been vitiated or destroyed by the pardon granted the appellant in 1950.”
Mason v. State, 39 Ala.App. 1, 5, 103 So.2d 337, 341 (1956), affirmed, 267 Ala. 507, 103 So.2d 341 (1958), cert. denied, 358 U.S. 934, 79 S.Ct. 323, 3 L.Ed.2d 306 (1959).
III.
The appellant was properly sentenced as a habitual felony offender with two prior convictions. See Dickerson, 517 *665 So.2d at 627; Nunnery v. State, 410 So.2d 444, 447-49 (Ala.Cr.App.1981). Furthermore, this issue has not been preserved for appellate review because no objection raising this issue was advanced at trial.
IV.
The appellant contends that the sentence of 40 years’ imprisonment is improper and totally disproportionate to the crime. In sentencing the appellant, the trial court stated, “You do have an extensive arrest record, as well as the fact you’re a habitual offender.”
“The appellate courts of this state are generally prohibited from reviewing the propriety of a sentence which is within the statutorily prescribed limits.... However, the appellate courts may review a sentence, which, although within the prescribed limitations, is so disproportionate to the offense charged that it constitutes a violation of a defendant’s Eighth Amendments rights.”
Ex parte Maddox, 502 So.2d 786, 789 (Ala.), cert. denied, 479 U.S. 932, 107 S.Ct. 404, 93 L.Ed.2d 357 (1986).
The appellant’s 40-year sentence is well within the statutory range of punishment. With two prior felonies, the appellant could have been sentenced to a maximum of 99 years’ imprisonment or life. § 13A-5-9(b)(1) and § 13A-5-6(a)(l).
Contrary to the appellant’s argument, we find that the offense of which he was convicted is not a “nominal” crime. The statute defining that offense “evinces a clear intention on the part of the legislature to protect the citizens of this State from the actions of that class of persons, who by their past acts, have shown themselves unsuitable and unfit to own and possess pistols. The classification is warranted, and the provision clearly a reasonable exercise of police power.” Mason, 39 Ala.App. at 5, 103 So.2d at 341. The appellant’s argument ignores the “gravity of the national crisis relating to the use of firearms.” 13 A.L.R.Fed. at 106.
The appellant’s sentence of 40 years’ imprisonment is well within the exercise of the trial judge’s discretion. No abuse of that discretion has been shown. Therefore, this court will not set aside that sentence.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.