BOWEN, Judge,
concurring in part, dissenting in part.
I concur in Part I of the opinion of the majority that the appellant’s conviction must be reversed because the appellant was forced to stand trial in prison garb. However, with regard to Part II of the majority opinion, I agree with the argument presented by the Attorney General and expanded in Judge Montiel’s dissent. The reasoning in Wigley v. State, 456 So.2d 339 (Ala.Cr.App.1982), is erroneous because, for purposes of the crime involving the possession of a pistol by a person who has been convicted of a crime of violence, Ala.Code 1975, § 13A-ll-72(a), a “crime of violence” as defined by Ala.Code 1975, § 13A-ll-70(2), may include a misdemean- or which would not trigger the application of the Habitual Felony Offender Act.
The issue in this case involves a question of legislative intent and not jeopardy. In Kuenzel v. State, 577 So.2d 474, 488 (Ala.Cr.App.1990), affirmed, 577 So.2d 531 (Ala.), cert. denied, — U.S. -, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991), this Court found “no merit in [the defendant’s] claim that the use of the prior conviction as an element of the statutory capital offense and its use in sentencing constituted double jeopardy.” (Quoting Hubbard v. State, 500 So.2d 1204, 1215 (Ala.Cr.App.), affirmed, 500 So.2d 1231 (Ala.1986), cert. denied, 480 U.S. 940, 107 S.Ct. 1591, 94 L.Ed.2d 780 (1987)). Consideration of the same felony to convict a defendant of possession of a firearm by a convicted felon and to enhance his punishment is neither a double prosecution nor a double punishment and does not implicate the double jeopardy clause. United States v. Wallace, 889 F.2d 580, 584 (5th Cir.1989), cert. denied, 497 U.S. 1006, 110 S.Ct. 3243, 111 L.Ed.2d 753 (1990). See also United States v. Ainsworth, 932 F.2d 358, 363 (5th Cir.), cert. denied, — U.S. -, 112 S.Ct. 346, 116 L.Ed.2d 286 (1991).
There is a split of authority among the states as to whether, in a prosecution for the possession of a weapon by a convicted felon, a single prior felony conviction may be used both as an element of the offense and for the purpose of imposing an enhanced punishment under a habitual offenders act. Annot., 37 A.L.R.4th 1168 (1985). This Court must assume that in passing the Habitual Felony Offender Act the Alabama Legislature was aware of the other provisions of the Criminal Code requiring an enhanced punishment. See Belcher v. McKinney, 333 So.2d 136, 140 *718 (Ala.1976) (“we are aided by the presumption that the legislature made an informed judgment as to the need in employing this classification”).
Wigley should be overruled.