MONTIEL, Judge,
concurring in part and dissenting in part.
Although I concur with the majority’s holding in part I of its opinion, I respectfully dissent from the holding in part II. In the opinion, the majority states that “[a] prior felony conviction that is used to bring the appellant within the purview of § 13A-11-72 [unlawful possession of a pistol by a person who has previously been convicted of a crime of violence] cannot also be used to enhance his sentence under the Habitual Felony Offender Act.” The majority opinion relies on Wigley v. State, 456 So.2d 339 (Ala.Crim.App.1982), for this holding. The rationale behind Wigley is that since the legislature enacted § 13A-11-84, Code of Alabama 1975, which prescribes the sentence for the violation of § 13A-11-72, it did not intend the Habitual Felony Offender Act to apply to convictions obtained under § 13A-11-72. In Wigley this court stated:
“In instances when there is only one prior conviction, and that conviction is a necessary element or ingredient of the currently charged offense, such prior conviction is not available and may not again be used to enhance the punishment under the Habitual Felony Offenders Act. To hold otherwise would nullify the punishment provision of the currently charged offense as contained in § 13A-ll-84(a), Ala.Code 1975, because the pri- or conviction would always activate the Habitual Felony Offenders Act; we do not believe that the legislature intended that result.”
Wigley, 456 So.2d at 341 (emphasis added). This last statement is incorrect. Section 13A-ll-72(a), Code of Alabama 1975, provides that “no person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control.” “Crime of violence” is defined as “[a]ny of the following crimes or an attempt to commit any of them, namely murder, manslaughter (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny.”
If the underlying conviction for a crime of violence was theft in the third degree or assault in the third degree, the Habitual Felony Offender Act would not be activated since these two offenses are Class A misdemeanors and the defendant would have to be sentenced under § 13A-11-84(a). Likewise, if the underlying conviction was for attempted burglary in the third degree, attempted robbery in the third degree, attempted assault in the second or third degree, attempted rape in the second degree, attempted theft in the second or third degree, then the defendant could not be sentenced as a habitual offender because all of these offenses are misdemeanors. Therefore, the punishment provision of § 13A-ll-84(a) would not be nullified by allowing the conviction for a crime of violence that was an essential element of the offense charged in § 13A-ll-72(a) to also be used for enhancement. I believe that the legislature intended this offense to be covered by the Habitual Felony Offender Act. Thus, if a person who has previously been convicted of a crime of violence is found to be in possession of a pistol, that person can be sentenced to no more than five years in prison if that previous conviction was for a misdemeanor. However, if the previous conviction for a crime of violence was a felony, the person would be subject to the sentencing provisions of the Habitual Felony Offender Act just like any other person who has a previous felony conviction.
The double use of the underlying conviction is not, in any way, prejudicial to the defendant. This seems no different than allowing the State in a capital case to prove the felony that is an essential element of the capital offense at the guilt phase of the trial and then to prove the same felony as an aggravating offense in the sentencing *719 phase. For the above reasons, I dissent from the majority’s holding in part II.