**Robert Earl WALTON, Petitioner–Appellee, Cross–Appellant,**

v.

**ATTORNEY GENERAL OF the STATE OF ALABAMA; J.D. White, Respondents–Appellants, Cross–Appellees.**

No. 92–6373.

United States Court of Appeals, Eleventh Circuit.

March 23, 1993.

---

Gail Ingram Hampton, Montgomery, AL, for appellants.

Douglas H. Scofield, Scofield, West & French, Birmingham, AL, for appellee.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and RONEY, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Robert Earl Walton was convicted in August 1983 of possessing a firearm after having been convicted of a felony.[1] He is currently serving a twenty-five year sentence pursuant to the Alabama Habitual Felony Offender Act, which substantially increases his prison sentence because of past convictions.[2] Walton's sentence was enhanced as a result of three prior convictions which occurred in 1969.

Walton filed two petitions for the Writ of Habeas Corpus, the first challenging his 1983 conviction and the second contesting the 1969 convictions. The magistrate issued a Report and Recommendation stating that relief should be granted on the first petition on the ground that the trial court used the same conviction both to constitute an element of the offense and to enhance the sentence. The report recommended that the second petition be denied. The district court adopted the magistrate's report as to both petitions. The government appeals the decision to grant petitioner relief. Walton appeals two issues from his second petition: whether the trial court lacked jurisdiction in 1969 because of petitioner's age and whether Walton received ineffective assistance of counsel during the proceedings. We REVERSE the district court's order granting relief on the first petition and AFFIRM the denial of the claims in the second petition.

## I.

The magistrate, and thus the district court, relied heavily on the Alabama Court of Criminal Appeal's holding in *Wigley v. State*, 456 So.2d 339 (Ala.Crim.App.1982). Wigley was convicted of possessing a firearm after having been convicted of a crime of violence pursuant to Ala.Code § 13A–11–72(a) (1975). He was sentenced to twenty years under the Habitual Felony Offend-

er Statute, Ala.Code § 13A–5–9. The appellate court ruled that a previous felony conviction is a necessary element of the pistol possession offense; therefore, that same conviction cannot be used to invoke the Habitual Felony Offenders Act. *Id.* at 340. Otherwise, the charge for possession of a firearm by a felon automatically would trigger the Habitual Felony Offenders Act and its sentencing provisions. This result would contradict the legislature's intent to set a maximum punishment of five years for the possession offense. *Id.* at 341. The district court in the instant case applied the *Wigley* holding because one of Walton's former convictions was used both to prove an element of the offense and to enhance his sentence under the Habitual Felony Offenders Act.

The court, however, failed to consider the limiting language of *Wigley*. The *Wigley* court specifically stated that

> [i]n instances where there is only one prior conviction, and that conviction is a necessary element or ingredient of the currently charged offense, such prior conviction is not available and may not again be used to enhance the punishment under the Habitual Felony Offenders Act.

*Id.* at 341 (emphasis added). The *Wigley* court narrowed its holding to apply only to those cases where there is a single prior conviction. Walton, in contrast, had *three* prior convictions, which were used to enhance his sentence. Thus, concern for preserving the legislative intent of the possession statute is not at issue and the holding in *Wigley* is inapplicable to the instant case.

■ Moreover, even if *Wigley* was germane, the court in that case rested its opinion entirely on an interpretation of state law and the intent of the Alabama legislature. *Id.* Walton's sole constitu-

1. Appellant was convicted under Section 13A–11–72(a) of the Alabama Code, which states that "[n]o person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or control."

2. The Habitual Felony Offenders Act is codified at Ala.Code § 13A–5–9 (1975) and provides that a defendant who has been previously convicted of any felony will have his sentence increased. Defendant Walton had committed a Class C felony so his sentence was increased to a term of imprisonment not more than 99 years but not less than 15 years. Ala.Code § 13A–5–9(c)(1).

tional claim on habeas review is that he was denied due process by an infraction of state law. *See Peek v. Kemp,* 784 F.2d 1479, 1483 (11th Cir.1986) (state law violations may deprive a defendant of "due process rights grounded in the entitlement to procedures mandated by state law."). The Alabama courts, however, have found that the state trial judge did not violate state law. According to the magistrate's report, Walton raised the *Wigley* issue in his second state coram nobis petition, the state trial court denied that petition on the merits, and the Alabama Court of Criminal Appeals affirmed that denial. This court is bound by the determination of the Alabama courts that no state law violation has occurred. Without a state law infraction, Walton cannot establish a deprivation of his due process rights.

■ It also should be noted that if Walton had been sentenced under the Habitual Offender Statute for two prior convictions rather than three, the range of permissible sentences would have been 10 to 99 years. *See* Ala.Code § 13A-5-9.[3] Walton was sentenced to 25 years. Because his sentence was well within the statutory maximum had the alleged *Wigley* violation not occurred, it was not fundamentally unfair. Accordingly, for all of the reasons stated above, Walton was not deprived of his due process rights.

## II.

Walton argues that his 1969 convictions are invalid and cannot serve as the basis for his firearm possession charge and the enhancement under the Habitual Felony Offender statute.

■ First, he claims that the circuit court that convicted him did not have jurisdiction because he was 15 at the time he was arraigned for these crimes, and under Alabama law, the juvenile court had exclusive jurisdiction over his case. Walton's

claim is meritless. Even if a state jurisdictional defect could constitute a deprivation of due process, no state violation occurred here. Alabama courts specifically have held that under the jurisdictional statute in effect in 1969, "the determination of the defendant's age for purposes of juvenile court jurisdiction was made at the time of the trial." *In re Bolden,* 358 So.2d 795, 795 (Ala.Crim.App.1978).[4] Walton was sixteen at the time of the trial, and thus, the circuit court had jurisdiction over his case.

Second, Walton claims that he received ineffective assistance of counsel at his arraignment in 1969 because his counsel failed to request that the case be transferred to juvenile court. Because the circuit court had proper jurisdiction, Walton would not be able to show that he received ineffective assistance of counsel because his attorney did not request a transfer to juvenile court.

■ Furthermore, the district court dismissed this claim for prejudicial delay in filing the habeas petition, pursuant to Rule 9(a) of the *Rules Governing Habeas Corpus Cases Under Section 2254.* Rule 9(a) provides that a motion for habeas relief can be dismissed

if it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing unless the movant shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred.

*Id.*

■ To justify dismissal, the government must establish three factors: (1) unreasonable delay by the petitioner; (2) a particular showing of prejudice; and (3) a link between the prejudice and the delay. *Lawrence v. Jones,* 837 F.2d 1572, 1575 (11th Cir.1988). In this case, Walton filed

---

3. According to Ala.Code § 13A-5-9, conviction of a Class C felony with two prior convictions mandates punishment as a Class A felon. Punishment for a Class A felon has been set by the legislature at 10 to 99 years of imprisonment. Ala.Code § 13A-5-6(a)(1).

4. The Alabama Code was amended in 1975 to provide for exclusive jurisdiction in the juvenile courts if the defendant was a child at the time of the alleged crime. *See* Ala.Code § 12-15-33(a) (1975).

his habeas petition more than 19 years after his convictions; yet, the claim of ineffective assistance of counsel could have been brought over a decade ago when his direct appeals were denied. In addition, the government produced affidavits stating that the attorney who represented Walton in the 1969 proceedings has no recollection or record of the events in question, the prosecutors do not remember the case, and the trial judge and court reporter are deceased. This prejudice is a direct result of the delay in the filing of the motion. Thus, the government has established prejudice and the district court correctly dismissed the second habeas petition.

## III.

In conclusion, we hold that the district court erred in finding that a state law violation had deprived Walton of his due process rights. Thus, we reverse the grant of habeas relief on this claim. We agree with the district court's decision to deny the meritless claims that the circuit court lacked jurisdiction and the defendant received ineffective assistance of counsel and affirm denial of habeas relief on these claims.

REVERSED in part and AFFIRMED in part.