* The defendant's case in the Court of Criminal Appeals was styled "Cedrick Johnson v. State."
 ON APPLICATION FOR REHEARING
This Court's original opinion in this case was dated May 15, 1992. That opinion was withdrawn and a new opinion substituted therefor on September 18, 1992. That September 18, 1992, opinion is now withdrawn and the following is substituted therefor:
Cedric Johnson petitions for review of a judgment of the Court of Criminal Appeals (see 620 So.2d 661, Ala. Cr. App. 1991) affirming his conviction for a violation of Ala. Code 1975, § 13A-11-72(a). That section prohibits a person who has been convicted of committing or attempting to commit a "crime of violence," as that phrase is defined in § 13A-11-70(2), from owning or possessing a "pistol" or having one under his or her control.
The Court of Criminal Appeals, in affirming Johnson's conviction, suggested that perhaps Johnson would have been entitled to a judgment of acquittal, but concluded that he had not properly raised the issue of the State's failure to prove all the elements of the offense. The State does not dispute Johnson's contention that he was entitled to a judgment of acquittal based on the State's failure to prove the elements of the offense, but argues that Johnson failed to properly raise that issue.
Johnson was a passenger in an automobile stopped by police because the operator was driving erratically. Johnson exited the vehicle, and one of the officers involved observed that he was wearing an empty pistol holster. The officer searched the vehicle and found a pistol, which Johnson identified as his.
Although Johnson had previous convictions for the felonies of theft of property in the first and second degrees and burglary in the third degree, he possessed a permit to carry the pistol.[1]
Johnson was indicted for a violation of § 13A-11-72(a) and was convicted at trial. Invoking the provisions of the Habitual Felony Offender Act, Ala. Code 1975, § 13A-5-9, the trial court sentenced Johnson to 40 years' imprisonment.
As stated, the Court of Criminal Appeals, in reviewing Johnson's conviction, suggested that the State had failed to prove a prima facie case, but held that he had not properly raised any issue in that regard.
 Proof of a Violation under § 13A-11-72(a)
A critical element of the offense stated at § 13A-11-72(a) is that the defendant *Page 667 
has had a prior conviction for "committing or attempting to commit a crime of violence." Ala. Code 1975, § 13A-11-72(a); see, Wigley v. State, 456 So.2d 339 (Ala.Cr.App. 1982). Section13A-11-70(2) gives the following definition:
 "(2) CRIME OF VIOLENCE. Any of the following crimes or an attempt to commit any of them, namely, murder, manslaughter (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny."
Regarding this definition, as it relates to a violation of § 13A-11-72(a), the Court of Criminal Appeals stated:
 "Sections 13-A-11-70 and -72 were not enacted as a part of Alabama's new Criminal Code. See 1977 Acts 812, No. 607 (January 1, 1980). Those sections were criminal laws in Alabama prior to the passage of the new Criminal Code, see Ala. Code 1975, § 13-6-150 and -152, and were transferred to the Criminal Code from Title 13, see Table II — Sections Transferred (to Title 13A) 1982 Replacement Vol. 12, Ala. Code 1975 at 3.
 "Burglary and theft are defined in the Alabama Criminal Code, § 13A-7-7 and § 13A-8-2, respectively, and each offense embraces acts which would not have constituted its predecessor offense prior to the Criminal Code. See § 13-2-41 (burglary in the second degree), § 13-3-50 (grand larceny), and § 13-3-51 (petit larceny)."
620 So.2d at 664. (Emphasis added.)
In short, as the Court of Criminal Appeals indicated, convictions for burglary in the third degree and theft in the first and second degrees, as set out in the new Criminal Code provisions, can embrace acts that are not deemed a "crime of violence" as that term was intended by the legislature in enacting what is now § 13A-11-70.
Because what is now § 13A-11-70(2) was enacted years before the new Criminal Code offenses were enacted, see Tit. 14, § 172(a), Code of Ala. 1940, one cannot simply look to the name given an offense in the new Criminal Code provision and conclude that it is synonymous with an older term found in §13A-11-70(2). See Doss v. State, 220 Ala. 30, 123 So. 231
(1929); Hudson v. Reed, 259 Ala. 340, 66 So.2d 909 (1953).
For example, it is a mistake to summarily conclude that the newer offense term of "theft" equates to the "larceny" that is denominated a "crime of violence" in § 13A-11-70(2). "Larceny," referred to as a "crime of violence" in § 13A-11-70(2), has a narrower meaning than could be attributed to it by equating the old term "larceny" with newer "theft" offense provisions.
Under the new Criminal Code provisions, "theft," for example, encompasses the crime of embezzlement. See Ala. Code 1975, §13A-8-2; §§ 13A-8-2 through 13A-8-5 Commentary (stating that the new "theft" provisions "subsume . . . the many forms of embezzlement existing within former [law]"). Previously, there existed a distinct embezzlement statute, which was adopted because, at common law, "larceny" did not encompass acts of embezzlement. Id.; see Tit. 14, § 126, Code of Ala. 1940 (denominating the distinct statutory crime of embezzlement). Stated simply, although the many forms of embezzlement are now subsumed within "theft" in the first, second, or third degree, this fact came about after the enactment of what is now §13A-11-70(2). Thus, when § 13A-11-70(2) refers to "larceny" as a "crime of violence," see § 13A-11-70(2), it is not referring to embezzlement, which was a distinct offense when what is now § 13A-11-70(2) was enacted, although the new Criminal Code offense provisions would include embezzlement as a "theft" offense.
Addressing the evidence offered by the State on the prior-crime-of-violence element, the Court of Criminal Appeals stated: "The State proved that the appellant had been convicted of burglary in the third degree and theft of property in the first and second degrees." 620 So.2d at 664. Indeed, it is undisputed that on the element of a prior "crime of violence," the State produced only evidence of the fact of these *Page 668 
convictions under the new Criminal Code provisions. As we have discussed, this is insufficient to show proof on the element of a prior "crime of violence."
However, the Court of Criminal Appeals held that Johnson had not properly raised the issue of whether the State had proved a prima facie case, because "[n]o objection raising this issue was presented to the Circuit Court." 620 So.2d at 664.
The State argues that Johnson failed to preserve for review any contention relating to the element of a prior "crime of violence" because his counsel, in making his motion for a judgment of acquittal, did not specifically object to a lack of proof on the precise element of a prior "crime of violence."
Johnson moved at the close of the state's evidence for a judgment of acquittal. His counsel argued, among other grounds, "that the state has failed to prove a prima facie case."[2]
Regarding motions for judgments of acquittal, i.e., motions to exclude the state's evidence and discharge the accused,[3] it has been stated:
 "If the prosecution in a criminal case rests its case in chief without having made out a prima facie case against the accused, and the accused forthwith moves the court to exclude the evidence and discharge the accused on the ground that the state has not made out a prima facie case, it is error for the trial court to overrule this motion. The motion to exclude the state's evidence should state as a ground therefor that the state has not made out a prima facie case against the accused."
C. Gamble, McElroy's Alabama Evidence § 449.05 (4th ed. 1990).
In Ex parte Maxwell, 439 So.2d 715, 717 (Ala. 1983), we stated:
 "[W]hen defendant's counsel moved to exclude the evidence, he stated the ground that the City had failed to make a prima facie case. . . .
 "To preserve the issue for appeal, it is necessary for [the] defendant to state his grounds upon moving to exclude evidence; it is not necessary to draw the trial court's attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case."
Citing Maxwell, this Court stated in Carroll v. State,468 So.2d 186, 189 n. 3 (Ala.Cr.App. 1985):
 "[A] proper way to preserve the issue [whether the state has failed to meet its burden of proof] is by a motion to exclude the evidence. [Citations omitted.] Although it is necessary for the defendant to state his grounds upon moving to exclude the evidence, he need not specify the particular defect; it is sufficient that the defendant state the ground that the prosecution has failed to present a prima facie case."
In the present case, counsel for the defendant unquestionably stated the ground that "the state has failed to prove a prima facie case." This ground is adequate to preserve for review the claimed insufficiency of the evidence, as both Maxwell and *Page 669 Carroll make abundantly clear. We hold that this insufficiency was properly preserved and, because the State did not come forward with additional proof after Johnson made his motion, the denial of the motion was not harmless error. See C. Gamble,McElroy's Alabama Evidence § 449.05 (4th ed. 1990). The judgment must be reversed and a judgment rendered for the defendant, because the State failed in its burden of proof. This Court cannot affirm a conviction where the record is silent, as it effectively is here, as to an essential element of the offense. See Ex parte Peterson, 466 So.2d 984, 987
(Ala. 1984).
APPLICATION GRANTED; OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL, and INGRAM, JJ., concur.
KENNEDY, J., concurs in the judgment and this opinion, but dissents from the granting of rehearing.
[1] It is conceded by the parties that the sheriff who issued the permit was acting beyond his legal authority in issuing the permit. Where a sheriff acts beyond his or her legal authority in issuing a pistol permit, "the license is void." Crawford v.State, 356 So.2d 690, 691 (Ala.Cr.App. 1978).
[2] Counsel for Johnson said, after seeking to "address the court on a motion for a judgment of acquittal," that "without the admission of certain legal evidence or [rather] unlawful evidence . . . there would not be a conviction on a mere prima facie case." Thus, at that point, counsel was referring to whatwould be if the court excluded certain evidence. Counsel then addressed what in his view "was": "Even in that regard, we would say [that] we move for a judgment of acquittal of the defendant on the grounds that the state has failed to prove a prima facie case."
"Even in that regard" is nonsensical to any interpretation of that full statement. However, given the change in verb tense to indicate that at that time, i.e., with the evidence up to that point, the state had failed to prove a prima facie case, it is evident that what counsel meant to say by "even in that regard" was "even if you don't exclude that evidence" ("the state has failed to prove a prima facie case").
[3] Rightly or wrongly, the terms "motion for a judgment of acquittal" and "motion to exclude the evidence and discharge the accused" are used interchangeably. Compare, Maxwell, infra, with Talley v. City of Clanton, 495 So.2d 1165, 1167-68
(Ala.Cr.App. 1986).