We granted certiorari review in this case to determine whether § 13A-11-72, Code of Ala. 1975, which prohibits a convicted felon from possessing a pistol, is a strict liability statute or whether a convicted felon who is charged with possessing a firearm may raise the defense of self-defense. We hold that he can. We reverse the judgment affirming Taylor's conviction and remand with instructions.
The petitioner, Thomas Edward Taylor, has placed the following facts before us by way of his petition and a Rule 39(k), A.R.App.P., statement of facts. Taylor is 41 years old, has been employed by the City of Gadsden for 16 years, and is presently its director of public works. Before working for the city, he worked for the sheriff's department, and he is still an honorary deputy sheriff.
In the fall of 1989, the city garbage workers of Gadsden were on strike. During that time, because of threats of violence against him and his family, Taylor carried with him in his truck a pistol belonging to his brother. The gun was in the truck on the night of October 5, 1989, when he and his brother were accosted by a group of strikers while they were at a service area of a shopping mall where Taylor maintained the grounds. The strikers drove up "cussing and screaming" and swinging baseball bats and clubs; one of the strikers had a gun. The strikers accused Taylor and his brother of picking up garbage in defiance of the strike. The Taylors denied that they were picking up garbage and asked the strikers to let them go. The strikers refused. Taylor pulled the gun and gave it to a man who worked at the theaters in the mall, asking him to hold it on the strikers until the he could telephone the police. Taylor went into the mall and telephoned the police, who came and took him home and remained with him for some time. Thereafter, the mayor had Taylor taken out of town for his safety.
In December 1989, Taylor was indicted and charged with violating § 13A-11-72(a), which prohibits persons convicted of a felony from possessing a pistol. The indictment was based upon the fact that in 1976, when Taylor was 24 years old, he had pleaded guilty to, and had been convicted on, a charge of burglary.
During Taylor's 1989 trial, the judge refused to allow Taylor to raise the defense of self-defense and to introduce evidence that he had appeared before the State Board of Pardons and Paroles to seek a pardon from *Page 1247 
the burglary conviction and that the Board could find no record of a conviction. The trial judge's ruling was based upon the Court of Criminal Appeals' holding in Johnson v. State,620 So.2d 661 (Ala.Crim.App. 1991). In Johnson, the Court of Criminal Appeals cited Mason v. State, 39 Ala. App. 1,103 So.2d 337 (1956), as supporting the proposition that a pardon does not destroy the effect of § 13A-11-72. The holding in Mason has now been specifically overruled by State ex rel. Sokira v.Burr, 580 So.2d 1340, 1344-45 (Ala. 1991). This Court affirmedJohnson v. State by an opinion of May 15, 1992; however, this Court withdrew its May 15, 1992, opinion, and this Court's final opinion in the Johnson case does not hold that §13A-11-72(a) is a strict liability offense. See Ex parteJohnson, 620 So.2d 665 (Ala. 1993).
Taylor cites us to cases from the courts of Florida and Louisiana, holding that this offense is not a strict liability offense; we are persuaded by the reasoning of those courts. The Supreme Court of Louisiana has held that self-defense is a valid defense to the charge of possessing a firearm:
 "We hold that when a felon is in imminent peril of great bodily harm, or reasonably believes himself or others to be in such danger, he may take possession of a weapon for a period no longer than is necessary or apparently necessary to use it in self-defense, or in defense of others. In such a situation justification is a defense to the charge of felon in possession of a firearm."
State v. Blache, 480 So.2d 304 (La. 1985). In Mungin v. State,458 So.2d 293 (Fla.Dist.Ct.App. 1984), the Florida District Court of Appeals reversed a lower court's judgment concerning the presentation of evidence (in this case the weapon was a knife) as to self-defense, stating:
 "The determination of whether the accused committed the offense charged, acting in his own defense, is a matter for consideration by the jury, not the trial judge. [Citations omitted.] The jury was entitled to consider the testimony concerning the recent events which led to Mungin's temporary possession of the knife. Such testimony clearly tended to demonstrate that Mungin acted in self-defense."
Id. at 295.
For the reasons stated above, the judgment is due to be reversed and the cause remanded for the Court of Criminal Appeals to set aside the conviction and order a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX, J., concurs specially.