On April 13, 1998, a Lee County grand jury returned an indictment against Earnest Jerome Dunn, charging him with possession of a pistol after having been convicted of a crime of violence, a violation of § 13A-11-72(a), Ala. Code 1975. The indictment specifically alleged that Dunn had previously been convicted of the offense of theft of property in the second degree. See § 13A-8-4(a), Ala. Code 1975.
On August 26, 1998, Dunn filed a motion to dismiss the indictment on grounds that his prior conviction for theft of property in the second degree was not a "crime of violence," as defined in § 13A-11-70(2), Ala. Code 1975, because, Dunn said, the conduct underlying that conviction was an act of shoplifting and because, he said, no weapon or "violent" act was involved in that offense. After hearing arguments on Dunn's motion on September 1, 1998, the trial court dismissed the indictment. The trial court specifically found that because Dunn's theft conviction was based on simple shoplifting, and not on any use of "physical force," it was not a crime of violence under § 13A-11-70(2), Ala. Code 1975.
On appeal, the State contends that the trial court erred in dismissing the indictment against Dunn because, it says, Dunn's theft conviction was a crime of violence for purposes of § 13A-11-70(2). Specifically, the State argues that because Dunn's theft conviction would have constituted the crime of "larceny" under the old Criminal Code, see § 13-3-50, Ala. Code 1975, and because larceny is a crime of violence under § 13A-11-70(2), Ala. Code 1975, Dunn's conviction for theft must also be considered a crime of violence. We are constrained to agree.
Section 13A-11-72(a), Ala. Code 1975, states, in pertinent part, that "[n]o person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his or her possession or under his or her control." Section 13A-11-70(2), Ala. Code 1975, defines "crime of violence" as "[a]ny of the following crimes or an attempt to commit any of them, namely, murder, manslaughter (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping, and larceny." *Page 407 
In 1980, the new Alabama Criminal Code, Title 13A, abolished the crime of larceny, and created the new offense of theft of property. The purpose of the new theft statutes, §§ 13A-8-2
through -5, Ala. Code 1975, was "to create a unified theft offense which eradicate[d] the common law distinctions between the crimes of larceny, embezzlement, and false pretense." Saffold v. State,494 So.2d 164, 173 (Ala.Cr.App. 1986). See also Deep v. State,414 So.2d 141 (Ala.Cr.App. 1982). Both § 13A-11-70 and § 13A-11-72, however, were enacted long before the passage of the new Criminal Code. See §§ 13-6-150 and -152, Ala. Code 1975; Tit. 14, 172(a), Code of Ala. 1940. Thus, the new offense of theft of property may "embrace acts that are not deemed a `crime of violence' as that term was intended by the legislature enacting what is now § 13A-11-70." Ex parte Johnson, 620 So.2d 665, 667
(Ala. 1993) (emphasis in original).
In Ex parte Johnson, supra, the Alabama Supreme Court recognized that "[b]ecause what is now § 13A-11-70(2) was enacted years before the new Criminal Code offenses were enacted . . . one cannot simply look to the name given an offense in the new Criminal Code provision and conclude that it is synonymous with an older term found in § 13A-11-70(2)." 620 So.2d at 667. The Court then went on to state:
 "For example, it is a mistake to summarily conclude that the newer offense term of `theft' equates to the `larceny' that is denominated a `crime of violence' in § 13A-11-70(2). `Larceny,' referred to as a `crime of violence' in § 13A-11-70(2), has a narrower meaning than could be attributed to it by equating the old term `larceny' with newer `theft' offense provisions."
Id. Under the provisions of the new Criminal Code, theft encompasses the crimes of larceny, embezzlement, and false pretenses. When what is now §§ 13A-11-72(a) and -70(2) were enacted, however, larceny, embezzlement, and false pretenses were separate offenses. See §§ 13-3-20 through -39, Ala. Code 1975 (embezzlement); §§ 13-3-50 through -73 (larceny); §§ 13-3-90 through -96, Ala. Code 1975 (false pretenses). "Thus, when § 13A-11-70(2) refers to `larceny' as a `crime of violence' . . . it is not referring to embezzlement [or false pretenses]." Id.
Accordingly, we must determine whether Dunn's prior conviction for theft of property in the second degree, arising from the underlying act of shoplifting, would constitute "larceny" as it was defined under the old Criminal Code.
Section 13A-8-2, Ala. Code 1975, states:
"A person commits the crime of theft of property if he:
 "(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
 "(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property."
Second-degree theft of property is defined as "[t]he theft of property which exceeds $250.00 in value but does not exceed $1000.00 in value." § 13A-8-4(a), Ala. Code 1975.
In Alabama, larceny was defined as the felonious taking and carrying away of the personal property of another with intent to convert it or deprive the owner of it. See, e.g., Livingston v.State, 44 Ala. App. 559, 216 So.2d 731 (1968); and Commentary to §§ 13A-8-2 through -5, Ala. Code 1975 (the elements of the crime of larceny were determined under common law, while the statutory definitions of larceny, §§ 13-3-50 and -51, dealt with the kind and value of property subject to larceny). "Grand larceny" was the taking of "any personal property of the value of $5.00 or more from the person of another, or from or in any building on fire, or which was removed in consequence of an alarm of fire, or from or in any dwelling house, or from or in any storehouse, warehouse, shop, office, *Page 408 
church, schoolhouse or any public building . . . with intent to convert the same to his own use." § 13-3-50, Ala. Code 1975. "Petit larceny" was the taking of "any personal property" not considered "grand larceny." § 13-3-51, Ala. Code 1975.
Strictly interpreted, "larceny" is not a "violent" crime as that term is commonly understood. See, e.g., Jackson v. State,37 Ala. App. 335, 68 So.2d 850 (Ct.App.), cert. denied, 260 Ala. 698,68 So.2d 853 (1953) ("Although, under strict interpretation, the term `larceny' might not be held to be a crime of violence, yet, after indulging all reasonable presumptions and intendments in favor of the constitutionality of the statute under the required rule, we cannot say that designating larceny as a crime of violence renders the classification `wholly devoid of any semblance of reason to support it, as to amount to mere caprice, depending on legislative fiat alone for support.'"). The use of force is not an element of larceny. However, regardless of the lack of violence or physical force in the definition of "larceny," the Alabama Legislature chose to define "larceny" as a crime of violence for purposes of § 13A-11-72(a), Ala. Code 1975, and its predecessors. We are bound by that choice. See, e.g., O'Neal v.State, 50 Ala. App. 31, 276 So.2d 616 (Ala.Cr.App.), cert. denied,290 Ala. 370, 276 So.2d 621 (1973) (expressing "serious reservations" concerning the Legislature's classification of "larceny" as a "crime of violence"); and Goodwin v. State,46 Ala. App. 149, 239 So.2d 221 (Ala.Cr.App. 1970) ("if our Legislature wants to do violence to the King's English by saying violence includes some non violence, so be it").
Thus, contrary to Dunn's contention, and to the trial court's finding, merely because Dunn allegedly did not use physical force or commit a violent act while shoplifting does not preclude his theft conviction from being a crime of violence. Rather, as long as the crime involved the taking and carrying away of the personal property of another valued at $5.00 or more, and did not involve false pretenses or embezzlement, Dunn's crime would be considered "larceny" and thus a crime of violence. Clearly, simple shoplifting, which Dunn concedes was the crime he committed, would constitute larceny, not false pretenses or embezzlement. Moreover, Dunn was convicted of second-degree theft of property, which is the taking of property exceeding $250.00. See § 13A-8-4(a), Ala. Code 1975. Therefore, Dunn's conviction for theft of property in the second degree is a crime of violence for purposes of § 13A-11-72(a), Ala. Code 1975, and we must remand this cause to the trial court for that court to reinstate the charge against Dunn for possessing a pistol after having been convicted of a crime of violence.
Accordingly, the trial court's judgment is reversed, and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMillan, Cobb, Baschab, and Fry, JJ., concur.