JOINER, Judge,
concurring in part and dissenting in part.
I concur in the Court’s judgment reversing Ellis Andrei Diggs’s conviction on the basis that Diggs was entitled to an instruction on self-defense under § 13A-3-23(a)(1), Ala.Code 1975. I dissent, however, from the main opinion’s apparent holding that Diggs was also entitled to an additional instruction under § 13A-3-23(b), Ala.Code 1975, that he had no duty to retreat under the circumstances presented here.
“In Kidd v. State, [105 So.3d 1261 (Ala.Crim.App.2012) ], Kidd argued that ‘the trial court’s jury instruction regarding self-defense was misleading because, he said, it was contrary to the plain language of § 13A-3-23(b).’ 105 So.3d at 1262. Kidd ‘admitted that, at the time of the shooting, he was a convicted felon and was aware that he was violating the law by carrying a gun.’ 105 So.3d at 1262. At trial, the State argued that Kidd’s unlawful activity — being a felon in possession of a firearm — imposed upon him a duty to retreat under § 13A-3-23(b). 105 So.3d at 1263. This Court agreed and held that ‘§ 13A-2-23(b) imposed a duty to retreat upon Kidd’ because his ‘unlawful possession of the firearm [had] contributed to the argument that eventually led to the shooting.’ 105 So.3d at 1264.”
George v. State, 159 So.3d 90, 95 (Ala.Crim.App.2014), cert. denied, 159 So.3d 90 (Ala.2014).
I agree with the main opinion’s reading of Ex parte Taylor, 636 So.2d 1246 (Ala.1993), as not negating Diggs’s right to a self-defense instruction under § 13A-3-23(a)(1), Ala.Code 1975. Diggs has not asked us to limit, overrule, or otherwise distinguish Kidd, however; therefore, I do not agree that Ex parte Taylor makes Diggs’s possession of the firearm “lawful activity” for purposes of an additional “no-duty-to-retreat” instruction based on § 13A-3-23(b), Ala.Code 1975.