JOINER, Judge,
concurring in part and dissenting in part.
I concur in the Court’s judgment reversing Eric Devon Johnson’s conviction on the basis that, under the circumstances of this *169 case, Johnson was entitled under § 13A-3-23(a)(1), Ala.Code 1975, to an instruction on self-defense. I dissent, however, from the main opinion’s apparent holding that Johnson was also entitled to an additional no-duty-to-retreat instruction under § 13A-3-23(b), Ala.Code 1975, because, in the main opinion’s view, under Ex parte Taylor, 636 So.2d 1246 (Ala.1993), Johnson’s codefendant Ellis Andrei Diggs[2] was not engaged in “unlawful activity” when Diggs shot and killed Garry Blackwell.[3]
As I explained in my writing in Diggs v. State, 168 So.3d 156 (Ala.Crim.App.2014), and assuming, as the main opinion does, that Johnson’s ability to receive a no-duty-to-retreat instruction turns on Diggs’s ability to receive that same instruction:
“ ‘In Kidd v. State, [105 So.3d 1261 (Ala.Crim.App.2012) ], Kidd argued that “the trial court’s jury instruction regarding self-defense was misleading because, he said, it was contrary to the plain language of § 13A-3-23(b).” 105 So.3d at 1262. Kidd “admitted that, at the time of the shooting, he was a convicted felon and was aware that he was violating the law by carrying a gun.” 105 So.3d at 1262. At trial, the State argued that Kidd’s unlawful activity — being a felon in possession of a firearm — imposed upon him a duty to retreat under § 13A-3-23(b). 105 So.3d at 1263. This Court agreed and held that “§ 13A-2-23(b) imposéd a duty to retreat upon Kidd” because his “unlawful possession of the firearm [had] contributed to the argument that eventually led to the shooting.” 105 So.3d at 1264.’
“George v. State, 159 So.3d 90, 95 (Ala.Crim.App.2014), cert. denied, 159 So.3d 90 (Ala.2014).
“I agree with the main opinion’s reading of Ex parte Taylor, 636 So.2d 1246 (Ala.1993), as not negating [Johnson’s] right to a self-defense instruction under § 13A-3-23(a)(1), Ala.Code 1975. [Johnson] has not asked us to limit, overrule, or otherwise distinguish Kidd, however; therefore, I do not agree that Ex parte Taylor makes Diggs’s possession of the firearm ‘lawful activity’ for purposes of an additional ‘no-duty-to-retreat’ instruction based on § 13A-3-23(b), Ala.Code 1975.”
168 So.3d at 163 (Joiner, J., concurring in part and dissenting in part).-

. As the main opinion notes, "Johnson was jointly tried with his codefendant, Diggs.” 168 So.3d at 165 n. 1.

. Although it is not clear, it appears that the main opinion assumes that Johnson’s ability to receive both a self-defense instruction and a no-duty-to-retreat instruction turns on whether Diggs is entitled to receive those same instructions. Under the circumstances of this case, however, there could be a factual situation in which Johnson is entitled to a no-duty-to-retreat instruction where Diggs is not.