Roger Dale Johnson pleaded guilty and was convicted of escape in the first degree and theft in the first degree. He was sentenced to two concurrent terms of life imprisonment as a habitual offender.
Johnson was represented in the circuit court by appointed counsel. The record contains no indication that counsel was allowed to withdraw or that Johnson elected to waive counsel and represent himself on appeal. No brief has been filed on appeal.
Rule 24(b)(1), Alabama Rules of Appellate Procedure, provides that "appointed counsel shall continue as defendant's counsel on appeal unless relieved by order of the trial court." SeeOliver v. State, 435 So.2d 207 (Ala.Cr.App. 1983).
In Ex parte Dunn, 514 So.2d 1300 (Ala. 1987), our Supreme Court held:
 "We consider the failure to file a brief on appeal to be '[a]ctual or constructive denial of the assistance of counsel,' following the reasoning of other courts that have considered this question. [Citations omitted.] Consequently, no showing of prejudice is required under Strickland
[v. Washington, 466 U.S. 668
[104 S.Ct. 2052, 80 L.Ed.2d 674] (1984)], where an attorney fails to file a brief on a first appeal as of right, where that appeal is desired by the defendant."
This Court will not deliberately invite a petition for post-conviction relief. Therefore, the submission of this cause is set aside and this cause is remanded to the circuit court to determine whether or not Johnson "has forgone the underlying appeal" under Dunn. If the circuit court determines that Johnson desires to pursue his appeal, that court is ordered to appoint counsel to represent Johnson on appeal. Newly appointed counsel shall obtain the record with the aid and assistance of the circuit court if necessary. Time for filing briefs shall begin to run from the date of the appointment of counsel.
SUBMISSION SET ASIDE; REMANDED WITH DIRECTIONS.
All Judges concur.
 *Page 102