John Snorsky pleaded guilty and was convicted of assault in the first and second degree. In each case, he was given a "split" sentence of three years' imprisonment and seven years' probation. This appeal is from those convictions.
The appellant was declared indigent by the circuit court and was represented at trial by appointed counsel. There is no order contained in the record granting a motion to withdraw by appointed counsel. Although Rule 24(b)(1), A.R.App.P., provides that "[a]ppointed counsel shall continue as defendant's counsel on appeal unless relieved by order of the trial court," and although the time for the filing of briefs has expired, no brief has been filed on the appellant's behalf.
Therefore, the submission of this cause is set aside.Johnson v. State, 528 So.2d 1167 (Ala.Cr.App. 1987). The State's motion is granted and this cause is remanded to the trial court with directions that that court determine whether the appellant has abandoned his appeal. Ex parte Dunn, 514 So.2d 1300
(Ala. 1987). If the appellant desires to pursue his appeal, the trial court, in its discretion, shall either require present counsel to represent the appellant on appeal after inquiry into the cause of trial counsel's failure to file a brief, or appoint new counsel to represent the appellant. If new counsel is appointed, the trial court shall direct trial counsel to furnish the appellate record to newly appointed counsel. The trial court shall forward a copy of its order in this matter to this Court. The time for filing briefs shall run from the date of the trial court's order complying with these directions.
SUBMISSION SET ASIDE; CAUSE REMANDED WITH DIRECTIONS.
All Judges concur.
 ON MOTION TO DISMISS