ON RETURN TO REMAND
The appellant pleaded guilty and was convicted of four cases of robbery in the third degree. This cause was originally remanded for the appointment of appellate counsel. Thomas v.State, 571 So.2d 411 (Ala.Cr.App. 1990). Appellate counsel was appointed and a brief has now been filed on behalf of the appellant.
In consolidating the four separate cases, the trial court entered the following order:
 "It is hereby Ordered that the above styled cases be and the same hereby are consolidated for purposes of trial. Provided, however, if the said defendant files an objection with this Court within seven days of the date hereof, he shall be *Page 1249 
afforded an opportunity to be heard as to why this Order should not issue."
This was a clear violation of the holding of the Alabama Supreme Court in Ex parte Jones, 473 So.2d 545, 546 (Ala. 1985):
 "The rule is mandatory when stating 'the court shall not order that the defendants be tried together without first providing the defendants and the prosecutor an opportunity to be heard.' (Emphasis added.) Affording an opportunity to move for severance after consolidation fails to cure the prejudicial error resulting from violation of the rule."
Although Ex parte Jones involved Rule 15.4(b), A.R.Cr.P.Temp., which governs consolidation of defendants, the holding of that case is also applicable to Rule 15.3(b), A.R.Cr.P.Temp., which governs the consolidation of offenses. See Rule 13.3(c), A.R.Cr.P. However, the appellant raised no objection to the consolidation, pleaded guilty, filed no motion to withdraw his guilty pleas, and filed no motion for a new trial.
The appellant's four convictions for robbery in the third degree are affirmed. Although the trial court committed error in ordering the four indictments for robbery consolidated without first affording the appellant an opportunity to be heard, Ex parte Jones, 473 So.2d 545, 546 (Ala. 1985), that error was not preserved for review because there was no objection to the consolidation. Furthermore, the error was waived because the appellant pleaded guilty without objection and did not complain of the consolidation in a motion to withdraw his guilty pleas or a motion for new trial.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.