BOWEN, Judge.
The appellant, Anthony Bailey, pleaded guilty and was convicted of robbery in the second degree. He was sentenced to 15 years’ imprisonment. The appellant, although represented by appointed counsel in circuit court, filed a pro se notice of appeal, but has not filed a brief on appeal. This Court cannot determine from the record whether the appellant is indigent and entitled to appointed counsel on appeal. The record contains no waiver of any right to counsel or request for self-representation. There is no order in the record granting a motion to withdraw by appellant’s last appointed counsel. See Rule 24(b)(1), A.R.App.P.
Therefore, the submission of this cause is set aside. This cause is remanded to the trial court with the following instructions: If the appellant has knowingly and intelligently waived his right to counsel and elected to represent himself on this appeal, the trial court shall make a finding to that effect. The purpose of this remand is not to give the appellant a “second chance” to decide whether he wishes to pursue this appeal with appointed counsel.
However, if the appellant has not made such a waiver of counsel, the trial court must determine whether the appellant is indigent. If the trial court determines that the appellant is indigent, the trial court must then determine whether the appellant has abandoned his appeal or whether the appellant wishes to pursue this appeal with appointed counsel. See Snorsky v. State, 571 So.2d 385, 386 (Ala.Cr.App.1990); Harper v. State, 579 So.2d 54, 55 (Ala.Cr.App. 1991).
The trial court shall enter written findings on these matters and forward them to this court within 35 days from the date of this order.
SUBMISSION SET ASIDE; CAUSE REMANDED WITH DIRECTIONS.
All Judges concur.