The appellant, Kevin Wayne Graves, was indicted in separate indictments for murder, § 13A-6-2, Code of Alabama 1975, and for possession of a pistol after having been convicted of a crime of violence, § 13A-11-72(a). After the appellant pleaded not guilty to both charges, the indictments were consolidated for trial on motion of the state. After a jury trial, the appellant was found guilty of manslaughter, a lesser included offense of murder, § 13A-6-3, and guilty of the pistol possession offense as charged. On the manslaughter conviction, he was sentenced to life imprisonment as a habitual offender with four prior felony convictions, and on the pistol possession conviction was sentenced to imprisonment for 20 years, also as a habitual offender. He raises four issues on appeal.
The appellant first contends that the trial court committed reversible error in granting the state's motion to consolidate the two indictments for trial. He argues that the evidence presented by the state to prove the pistol possession charge, i.e., a prior conviction of manslaughter, prejudiced his defense of the murder charge. The state contends, inter alia, that this issue was not preserved for review because no objection was made in the trial court to the consolidation of the charges. We do not agree. A close reading of the record shows that a hearing was held on the consolidation motion, and that the appellant's counsel opposed the motion on the grounds now asserted on appeal.
If it appears that a defendant is prejudiced by a joinder of offenses, the trial court may order separate trials. A.R.Crim.P. 13.4(a). However, granting or denying a requested consolidation or severance is within the trial court's discretion, A.R.Crim.P. 13.3, 13.4, and the test on review is whether there was a clear abuse of that discretion. Hinton v.State, 548 So.2d 547 (Ala.Cr.App. 1988), aff'd, 548 So.2d 562
(Ala.), cert. denied, 493 U.S. 969, 110 S.Ct. 419,107 L.Ed.2d 383 (1989); King v. State, 518 So.2d 880 (Ala.Cr.App. 1987). "It is only the most compelling prejudice, against which the trial court will not be able to afford protection, that will be sufficient to show the court abused its discretion. . . ."Hinton v. State, 548 So.2d at 555.
Under Alabama law, evidence of any offense other than that specifically charged is prima facie inadmissible. Nicks v.State, 521 So.2d 1018 (Ala.Cr.App. 1987), aff'd.,521 So.2d 1035 (Ala.), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916,101 L.Ed.2d 948 (1988). However, Alabama law provides for the admissibility of evidence of collateral crimes or acts as part of the prosecution's case-in-chief if the defendant's collateral misconduct is relevant to show his guilt other than by suggesting that he is more likely to be guilty because of his past misdeeds. Brewer v. State, 440 So.2d 1155 (Ala.Cr.App. 1983). The decision to allow or not to allow evidence of collateral crimes or acts as part of the state's case-in-chief rests in the sound discretion of the trial judge. McGhee v.State, 333 So.2d 865 (Ala.Cr.App. 1976).
The trial court may exclude relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice. Spellman v. State, 473 So.2d 618 (Ala.Cr.App. 1985); C. Gamble, McElroy's Alabama Evidence § 21.01(4) (4th ed. 1991). Whether such evidence should be excluded because of its prejudicial nature is largely within the discretion of the trial court, and its determination in that regard will not be disturbed absent a clear showing of abuse. Spellman v. State;Ward v. State, 440 So.2d 1227 (Ala.Cr.App. 1983).
A prior conviction for a crime of violence is an element that must be proven by the state in order to obtain a conviction for the offense prescribed in § 13A-11-72(a) (possession of a pistol after having been convicted of a crime of violence). The state's *Page 32 
evidence establishing the appellant's prior conviction for manslaughter was therefore relevant and admissible in proving the pistol possession charge; however, it was not relevant and therefore was not admissible to prove the charge of murder. We agree with the appellant that the introduction of this evidence unfairly prejudiced him in his defense of the murder charge. We believe that a real probability existed that the jurors' knowledge that the appellant had been previously indicted for murder and convicted of manslaughter in a case similar to the one being tried impaired their ability to impartially examine the evidence. We think it would have been extremely difficult, if not impossible, for the jurors to divorce from their minds the fact that the appellant had previously been convicted of a similar crime and to give the appellant a fair trial based solely upon the evidence pertaining to the instant murder charge. "[S]uch evidence of prior crimes has almost an irreversible impact upon the minds of the jurors." C. Gamble,McElroy's Alabama Evidence § 69.01(1) (4th ed. 1991). We find that allowing the prosecution to introduce evidence of the prior manslaughter conviction, which occurred approximately 10 years before the crime charged in the instant case, solely because of the consolidation of the charges, prevented the appellant from receiving a fair trial in the prosecution for murder. Thus, the manslaughter conviction must be reversed.
While proof of the appellant's prior manslaughter conviction unfairly prejudiced his defense of the murder indictment, that proof was relevant and admissible and not unfairly prejudicial in the prosecution of the pistol possession charge. Therefore, the conviction for the crime of possession of a pistol after committing a crime of violence was proper. However, the Habitual Felony Offender Act, § 13A-5-9, cannot be applied for enhancement purposes to sentences for convictions under §13A-11-72(a). Johnson v. State, 620 So.2d 665 (Ala. 1993). For such convictions, sentencing must be in accordance with §13A-11-84(a). Thus, under this statute, the maximum sentence which the appellant could have properly received as a result of his conviction for possession of a pistol after having committed a crime of violence was five years' imprisonment. We, therefore, must remand this case to the trial court with instructions to resentence the appellant in accordance with the appropriate statute.
We find it unnecessary to address the remaining issues raised on appeal, which relate to the appellant's conviction for manslaughter. The one issue relating to the pistol possession indictment and attacking the validity of that indictment is without merit.
For the above reasons, the manslaughter conviction is due to be reversed and the cause remanded, and the conviction for possession of a pistol after committing a crime of violence is affirmed and the cause remanded for proper sentencing. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 30 days.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
BOWEN, P.J., and TAYLOR and McMILLAN, JJ., concur.
MONTIEL, J., concurs in part, and dissents in part with opinion.