Kevin Wayne Graves was indicted for murder and unlawful possession of a pistol by a person previously convicted of a crime of violence. A jury convicted Graves of manslaughter and unlawful possession. The Court of Criminal Appeals affirmed the conviction for unlawful possession, but it reversed the conviction for manslaughter and remanded for a new trial, holding that the consolidation of the two indictments for trial prejudiced Graves's trial on the murder indictment. That court stated that the consolidation had allowed the State to introduce Graves's prior conviction for manslaughter to prove the unlawful possession charge; the State would not have been allowed to produce evidence relating to the prior conviction in the trial on the murder indictment if the two indictments had been tried separately. The Court of Criminal Appeals set aside the sentence for unlawful possession and remanded for resentencing on the unlawful possession conviction in accordance with this Court's September 18, 1992, opinion inEx parte Johnson, 1901573, holding that convictions for unlawful possession cannot be enhanced under the Habitual Felony Offender Act. See Graves v. State, 632 So.2d 30
(Ala.Cr.App. 1992).
The State petitioned this Court for certiorari review. The State argued that Graves had not preserved the issue of improper consolidation for appeal, because the record on appeal contained no specific objection to the motion to consolidate and no ruling on that issue. Also, the State argued that Graves had invited any error caused by the improper consolidation because he refused to ask for a mistrial, even when the trial court stated that it would grant such a motion in order to allow the unlawful possession indictment to be severed. Further, the State asked this Court to overrule Ex parteJohnson and to hold that the sentence on the unlawful possession conviction can be enhanced by application of the Habitual Felony Offender Act. We granted the State's petition for certiorari review; we now affirm in part and reverse in part.[1]
 I. UNLAWFUL POSSESSION AND THE HABITUAL FELONY OFFENDER ACT
Although the Court of Criminal Appeals affirmed Graves's conviction for unlawful possession of a pistol by a person previously convicted of a crime of violence, that court held that "the Habitual Felony Offender Act, § 13A-5-9, cannot be applied for enhancement purposes to sentences for [unlawful possession] convictions under § 13A-11-72(a). For such convictions, sentencing must be in accordance with §13A-11-84(a)." Graves v. State, 632 So.2d at 32 (citing this Court's September 18, 1992, opinion in Ex parte Johnson). We note, however, that on April 16, 1993, on application for rehearing, this Court withdrew its September 18, 1992, opinion in Ex parte Johnson and substituted a new opinion; that substituted opinion omits any discussion of the application of the Habitual Felony Offender Act to convictions for unlawful possession. See Ex parte Johnson, 620 So.2d 665 (Ala. 1993) (opinion on rehearing).
Furthermore, this Court in Gholston v. State, 620 So.2d 219
(Ala. 1993), specifically held that the Habitual Felony Offender Act mandates that convictions for unlawful possession be enhanced if the prior conviction for a "crime of violence" was a felony conviction. We held:
 "[W]e conclude that the intent of the legislature, as shown by the plain language of the statutes, is that the sentence for a conviction for unlawful possession of a pistol under § 13A-11-72(a) can be enhanced *Page 35 
by the Habitual Felony Offender Act when the prior conviction for a 'crime of violence' is also a prior 'felony' conviction. The Court of Criminal Appeals, in Nunnery v. State, 410 So.2d 444, 448
(Ala.Cr.App. 1981), held that unlawful possession of a pistol by a person convicted of a crime of violence is a felony and that the Habitual Felony Offender Act applies to such a conviction. The Habitual Felony Offender Act is mandatory and must be applied whenever a repeat offender with a prior felony conviction is convicted of another felony. See, e.g., § 13A-5-9(a), Ala. Code 1975 ('In all
cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows: . . .' (emphasis added)); see also Watson v. State, 392 So.2d 1274
(Ala.Cr.App. 1980), cert. denied, 392 So.2d 1280
(Ala. 1981). Because a violation of § 13A-11-72(a) is a felony, and the Habitual Felony Offender Act, § 13A-5-9, requires that every sentence for a felony conviction be enhanced when the defendant has a previous felony conviction, we hold that the apparent legislative intent is that the sentence upon conviction for unlawful possession of a firearm by a person convicted of a crime of violence is to be enhanced by the Habitual Felony Offender Act if the prior conviction was a felony conviction. . . ."
Gholston, 620 So.2d at 724.
Graves had a previous conviction for manslaughter, which is both a crime of violence, under § 13A-11-72(a), Ala. Code 1975, and a felony, under § 13A-6-3(b). Therefore, based upon our decision in Gholston and the substituted opinion in Johnson on rehearing, we reverse the Court of Criminal Appeals' judgment remanding for resentencing on the conviction for unlawful possession; that court erred in holding that that sentence had been improperly enhanced under the Habitual Felony Offender Act.
 II. MANSLAUGHTER
The State argues that the issues raised by Graves, on his appeal, concerning the improper consolidation of the two indictments for trial had not been preserved for review. The State argues that the record on appeal before the Court of Criminal Appeals showed no specific objection to the State's motion to consolidate the two indictments, one for murder and one for unlawful possession, for trial. We agree that the record on appeal did not contain a specific objection to consolidation; however, the Court of Criminal Appeals wrote:
 "A close reading of the record shows that a hearing was held on the consolidation motion, and that [Graves's] counsel opposed the motion on the ground now asserted on appeal [which was that the consolidation prejudiced Graves by allowing the State to introduce evidence of his prior conviction to prove the unlawful possession, even though that evidence would have been inadmissible in the murder trial]."
632 So.2d at 31.
The record before the Court of Criminal Appeals contained the following exchange between the trial court and Graves's attorney.
 "THE COURT: . . . I have a hard time seeing how the Defendant will not be prejudiced by joining another offense that is going to let the jury know that he has been previously convicted. Not only convicted of manslaughter but charged with the offense of murder.
 "I know [Graves's attorney] argued that and I guess you [the prosecutor] argued that last Thursday. I don't recall if you did or not.
 "[GRAVES'S ATTORNEY]: Judge, I think it was Thursday. That is when these matters —
 "THE COURT: The motion for change of venue and motion for consolidation."
This Court — on its own motion, pursuant to Rule 10(f), Ala.R.App.P. — requested that the record be supplemented with the transcript of the pretrial-motions hearing referred to in the above-quoted exchange. The record was so supplemented, and as supplemented it contained the objection by Graves's attorney to the State's motion to consolidate the two indictments. However, Graves's attorney did not object to the motion to consolidate *Page 36 
on the grounds he asserted on appeal to the Court of Criminal Appeals. The supplemented record contains the following:
 "THE COURT: All right, gentlemen, I will hear from you on the motion to consolidate.
 "[GRAVES'S ATTORNEY]: Judge, our objection to this motion is made primarily on the defendant's constitutional rights under the Fourteenth Amendment of the United States Constitution and due process of law, as well as Article I, §§ 6 and 13, of the Alabama [Constitution's] Declaration of Rights.
 "We say this motion was signed by Mr. Cook on the 2d and I believe yesterday — today's the 4th?
"THE COURT: Today is the 5th.
 "[GRAVES'S ATTORNEY]: [The prosecutor] gave me a copy of it yesterday and we say the defendant has not had due process and these motions come too late. And we object to them on those grounds.
 "[PROSECUTOR]: Judge, [we would] like to call [to] the attention of the court that both of these cases [were] set on the same docket, same facts, same grand jury.
 "THE COURT: All right, sir. Anything else, Mr. Harden?
"[GRAVES'S ATTORNEY]: No sir. Submit it.
"THE COURT: Motion to consolidate is granted."
Before the Court of Criminal Appeals, Graves argued that he had objected to the motion to consolidate on the ground that the introduction of his prior conviction for manslaughter — which the State was required to prove in order to establish the unlawful possession charge — prejudiced his right to a fair trial on the consolidated murder charge. From the above-quoted proceedings at the motion hearing, it is clear that this ground for his objection was not stated to the trial court; therefore, the issue of whether the motion to consolidate was improperly granted because of the possibility of prejudice engendered by the introduction of Graves's prior manslaughter conviction in his present trial for murder was not preserved for review by a specific objection.
Clearly, the consolidation of the two indictments for trial materially prejudiced Graves by allowing, indeed requiring, that his prior manslaughter conviction be introduced into evidence, and, clearly, the introduction of that prior conviction unfairly prejudiced Graves in his defense of the murder charge. See Graves v. State, 632 So.2d 30 (Ala.Cr.App. 1992). Evidence of the prior conviction would not have been admissible in Graves's trial on the murder charge, if it had been tried separately, because the prior conviction was separate and completely unrelated. See Ex parte Davis,522 So.2d 231, 233 (Ala. 1987), on remand, 522 So.2d 233
(Ala.Cr.App. 1988).
We also note that at trial Graves's counsel made no motion to sever. Ala.R.Cr.P. 13.4(a) provides that if the consolidation of offenses for trial prejudices the defendant, the trial court can order separate trials. However, a defendant must make a motion to sever court-ordered consolidation "within seven (7) days of the court's order, [but,] in any event, prior to trial," and "[t]he right to move for severance is waived if a proper motion [to sever] is not timely made." Ala.R.Cr.P. 13.4(b). "No severance of offenses . . . may be ordered after trial has commenced unless the defendant consents and amistrial has properly been declared as to such offense. . . ." Ala.R.Cr.P. 13.4(c) (emphasis added).
In this case, the trial court "suggested" that Graves move for a mistrial on the unlawful possession charge, before the State introduced evidence of the prior conviction. Graves's attorney refused to move for a mistrial, arguing that Graves had already been prejudiced by references to the prior conviction in the State's opening argument. We consider this to be a valid reason for failing to seek a mistrial on theunlawful possession charge, but it is not a valid reason for failing to seek a mistrial and severance as to the murder charge. Given the procedure established by our Rules of Criminal Procedure, Graves failed to preserve for review any error on which an appellate court could reverse his conviction for manslaughter on the murder indictment because of the prejudicial consolidation of the two indictments. *Page 37 
Nevertheless, this Court "will not deliberately invite a petition for post-conviction relief," see Johnson v. State,528 So.2d 1167, 1168 (Ala.Cr.App. 1987), by holding Graves's meritorious claim — that his conviction for manslaughter is due to be reversed because his counsel failed to properly object to the consolidation — has not been preserved for review.[2] Therefore, we affirm that portion of the judgment of the Court of Criminal Appeals reversing Graves's conviction for manslaughter and remanding for a new trial.
Based on the foregoing, we affirm the Court of Criminal Appeals' reversal of Graves's conviction for manslaughter; we reverse that court's judgment remanding for resentencing on the ground that his sentence on the conviction for unlawful possession was improperly enhanced; and we remand this case to that court for further proceedings in conformity with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS and HOUSTON, JJ., concur.
[1] This Court denied the defendant's petition for certiorari review on March 26, 1992.
[2] Apparently, the trial court and the attorneys assumed that such an objection had been made, even though the record clearly shows that it was not. This confusion appears to have arisen because the "prejudice" issue was raised in relationship to a motion for change of venue. Graves sought a change of venue because of alleged prejudice generated by articles in the local newspaper reporting the fact of Graves's prior conviction.