The appellant, Derrick Dewayne Averhart, appeals his conviction for possessing a pistol after having been convicted of a crime of violence, pursuant to § 13A-11-72(a), Code of Alabama 1975. He was sentenced to a term of five years' imprisonment. He raises four issues on appeal.
Two of these issues arise from the prosecution's use of Averhart's prior conviction for first degree theft as the "violent crime" necessary to prove that he violated §13A-11-72(a). Although Averhart stipulated to the fact that he had been convicted of first degree theft, the prosecution introduced the case action summary of the theft conviction, showing that Averhart had originally been arrested and indicted for robbery in the first degree; that he pleaded not guilty to the robbery charge; and that he had later pleaded guilty to the lesser included offense of theft. Averhart contends that the trial court erred by admitting this case action summary into evidence because it referred to the original robbery charge for which he was not convicted. He also contends that the trial court erred by overruling his objection to the state's reference in its opening statement to his previous arrest for robbery in the first degree. Averhart argues that this comment in the opening statement and the reference to the robbery in the case action summary sheet were fatally prejudicial and require reversal of the case.
To prove a prima facie case of possession of a firearm after having been convicted of a violent crime, the state has to prove that the defendant actually was convicted of a violent crime, § 13A-11-72(a). Section 13A-11-70(2) defines "crime of violence" as:
 "Any of the following crimes or an attempt to commit any of them, namely, murder, manslaughter (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny."
In Ex parte Johnson, 620 So.2d 665 (Ala. 1993), the court recognized that the predecessor statutes to §§ 13A-11-70(2) and -72 were law before to the passage of the Criminal Code; thus "one cannot simply look to the name given an offense in the new Criminal term found in § 13A-11-70(2)." 620 So.2d at 667. The court further explained:
 "[I]t is a mistake to summarily conclude that the newer offense term of 'theft' equates to the 'larceny' that is denominated a 'crime of violence' in § 13A-11-70(2). 'Larceny,' referred to as a 'crime of violence' in § 13A-11-70(2), has a narrower meaning than could be attributed to it *Page 1282 
by equating the old term 'larceny' with newer 'theft' offense provisions."
620 So.2d at 667.
Thus, the prosecution had the burden of showing that Averhart's conviction for first degree theft, as that term is defined by the new Criminal Code, embraced an act considered to be a "crime of violence" as that term was intended by the legislature in enacting what is now § 13A-11-70. Id. We do not consider that the mere fact that Averhart was indicted for first degree robbery constitutes proper evidence of his having been convicted for acts embraced by the old definition of larceny.
In light of this conclusion, it was clearly prejudicial for the state to comment on the fact that Averhart had been originally charged with robbery. It was also prejudicial for the case action summary containing the reference to the robbery indictment to have been admitted into evidence. In this case, the fact that Averhart had been originally charged with robbery was inadmissible. The jury could have improperly inferred from the robbery indictment that Averhart's theft conviction was a violent crime.
Because we find that Averhart's conviction for possessing a firearm after having been convicted of a violent crime must be reversed on the grounds stated above, we find it unnecessary to address the remaining issues.
For the reasons stated, the judgment is due to be reversed, and the case remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.