PATTERSON, Judge.
Derrick Dewayne Averhart appeals from his conviction for possession of a pistol after having been convicted of a crime of violence, pursuant to § 13A-ll-72(a), Code of Alabama 1975, and his subsequent sentence of five years’ imprisonment. This is Averhart’s second conviction for this offense. This court reversed Averhart’s first conviction on this charge because of the admission of unduly prejudicial evidence showing that Averhart had once been charged with first degree robbery, but had been tried and convicted only of theft. See Averhart v. State, 636 So.2d 1280 (Ala.Cr.App.1994). This evidence was offered and admitted to establish the element of a prior conviction of a crime of violence.
After this court’s reversal and remand, the state pursued Averhart’s prosecution, and on remand Averhart moved for a judgment of *141 acquittal or, in the alternative, to dismiss. Averhart stated that because the state allegedly failed to make out a prima facie ease in the first trial, his prosecution should be dismissed on double jeopardy grounds. The trial court denied this motion, and Averhart specifically preserved this issue for review. Averhart then pleaded guilty to the offense charged and was sentenced to a five-year split sentence, and was ordered to serve two years in prison and the balance on probation. At the time the sentence was pronounced, Averhart had already served two years’ imprisonment, so he was given credit for time served and was released on probation.
In order to prove a prima facie case of possession of a firearm after having been convicted of a violent crime, the state has to prove that the defendant has been actually convicted of a violent crime. § 13A-11-72(a). In Averhart’s first trial, the state failed to present any evidence that Averhart had been convicted of a violent crime. The only evidence that the state offered was that Averhart had been charged with robbery in the first degree. See Averhart, supra. Even considering this evidence — evidence that this court held was inadmissible — the state failed to prove a prima facie case of an offense under § 13A-ll-72(a). A charge is not a conviction.
In Lockhart v. Nelson, 488 U.S. 33, 33, 109 S.Ct. 285, 287, 102 L.Ed.2d 265 (1988), the United States Supreme Court held:
“When a reviewing court determines that a defendant’s conviction must be set aside because certain evidence was erroneously admitted against him, and further finds that once that evidence is discounted, there is insufficient evidence to support the conviction, the Double Jeopardy Clause does not forbid his retrial so long as the sum of the evidence offered by the State and admitted by the trial court — whether erroneously or not — would have been sufficient to sustain a guilty verdict. The general rule is that the Double Jeopardy Clause does not preclude the retrial of a defendant who succeeds in getting his conviction set aside for such ‘trial errors’ as the incorrect receipt or rejection of evidence.”
On original submission, this court reversed the judgment and remanded this case to the trial court for the reason set out above — the state failed to prove a prima facie case. We were in error in remanding this ease. Based on the reasoning of Lockhart, the judgment in this ease should have been reversed and a judgment rendered in favor of Averhart on first submission. The motion for judgment of acquittal filed on remand should have been granted by the trial court. The proceeding was barred on jeopardy grounds. Therefore, we reverse the conviction and render a judgment of acquittal for Averhart.
REVERSED AND JUDGMENT RENDERED.
TAYLOR, P.J., and McMILLAN, and COBB, JJ., concur.
LONG, J., recuses himself.