WISE, Judge.
The appellant, William Joseph Anderson, was convicted of one count of first-degree assault, a violation of § 13A-6-20, Ala.Code 1975, and one count of possession of a pistol after having been convicted of a crime of violence, a violation of § 13A-11-72, Ala.Code 1975. He was sentenced to 30 years’ imprisonment for each conviction, the sentences to run concurrently. This appeal followed.
The evidence elicited at trial tended to establish the following. On December 1, 2001, Phillip Davis and RoShawn Williams went to a nightclub in Mobile. Also present at the club that night were Anderson and his cousin, Ishmael Brooks. At some point, Davis and Brooks began to argue, and Anderson subsequently joined in the argument.
Davis and Williams stayed at the club until closing time. As they left the club and walked toward their car, they noticed Brooks and several of his friends near the car. A fight ensued. During the fight, Davis heard a gunshot; realizing he had been shot, he attempted to flee. As Davis ran from the scene, he looked back and saw Anderson chasing him and shooting at him. Anderson shot Davis two more times in the back. Surgeons removed three 9mm bullets from Davis’s back.
At trial, Detective David Evans of the Mobile Police Department testified that Anderson had a previous conviction for assault in the first degree, a “crime of violence.”
I.
Anderson was charged in separate indictments with one count of first-degree assault and one count of possession of a pistol after having been convicted of a crime of violence. On August 21, 2002, the State filed a motion to consolidate the two charges for trial. During the hearing on the State’s motion to consolidate, defense counsel objected. Counsel maintained that because the previous conviction for a crime of violence also involved assault with a gun, “the prejudice on my client is too overwhelming,” particularly in light of the fact that his client intended to raise the affirmative defense of self-defense. Thereafter, the trial court granted the State’s consolidation motion. On appeal, Anderson argues that the trial court erred in consolidating the charges against him for trial.
This Court addressed a virtually identical fact situation in Graves v. State, 632 So.2d 30 (Ala.Crim.App.1992). In Graves, the defendant was convicted of manslaughter and possession of a pistol after having been convicted of a crime of violence. On appeal, Graves argued that the trial court committed reversible error in granting the State’s motion to consolidate the two indictments for trial. Rejecting the State’s claim that the appellant’s objection to the consolidation motion was insufficient to preserve this matter for review, this Court stated:
“Under Alabama law, evidence of any offense other than that specifically charged is prima facie inadmissible. Nicks v. State, 521 So.2d 1018 (Ala.Cr.App.1987), aff'd, 521 So.2d 1035 (Ala.), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 948 (1988). However, Alabama law provides for the admissibility of evidence of collateral crimes or acts as part of the prosecution’s case-in-chief if the defendant’s collateral misconduct is relevant to show his guilt other than by suggesting that he is more likely to be guilty because of his past mis *897 deeds. Brewer v. State, 440 So.2d 1155 (Ala.Cr.App.1983). The decision to allow or not to allow evidence of collateral crimes or acts as part of the state’s casein-chief rests in the sound discretion of the trial judge. McGhee v. State, 333 So.2d 865 (Ala.Cr.App.1976).
“The trial court may exclude relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice. Spellman v. State, 473 So.2d 618 (Ala.Cr.App.1985); C. Gamble, McElroy’s Alabama Evidence § 21.01(4) (4th ed.1991). Whether such evidence should be excluded because of its prejudicial nature is largely within the discretion of the trial court, and its determination in that regard will not be disturbed absent a clear showing of abuse. Spellman v. State; Ward v. State, 440 So.2d 1227 (Ala.Cr.App.1983).
“A prior conviction for a crime of violence is an element that must be proven by the state in order to obtain a conviction for the offense prescribed in § 13A-ll-72(a) (possession of a pistol after having been convicted of a crime of violence). The state’s evidence establishing the appellant’s prior conviction for manslaughter was therefore relevant and admissible in proving the pistol possession charge; however, it was not relevant and therefore was not admissible to prove the charge of murder. We agree with the appellant that the introduction of this evidence unfairly prejudiced him in his defense of the murder charge. We believe that a real probability existed that the jurors’ knowledge that the appellant had been previously indicted for murder and convicted of manslaughter in a case similar to the one being tried impaired their ability to impartially examine the evidence. We think it would have been extremely difficult, if not impossible, for the jurors to divorce from their minds the fact that the appellant had previously been convicted of a similar crime and to give the appellant a fair trial based solely upon the evidence pertaining to the instant murder charge. ‘[S]uch evidence of prior crimes has almost an irreversible impact upon the minds of the jurors.’ C. Gamble, McEl-roy’s Alabama Evidence § 69.01(1) (4th ed.1991). We find that allowing the prosecution to introduce evidence of the prior manslaughter conviction, which occurred approximately 10 years before the crime charged in the instant case, solely because of the consolidation of the charges, prevented the appellant from receiving a fair trial in the prosecution for murder. Thus, the manslaughter conviction must be reversed.
“While proof of the appellant’s prior manslaughter conviction unfairly prejudiced his defense of the murder indictment, that proof was relevant and admissible and not unfairly prejudicial in the prosecution of the pistol possession charge. Therefore, the conviction for the crime of possession of a pistol after committing a crime of violence was proper.”
632 So.2d at 31-32.
The State sought certiorari review of our decision in Graves. The Alabama Supreme Court determined that the appellant’s objection to the State’s consolidation motion was not sufficient to preserve the matter for appellate review, stating that counsel should have moved to sever the offenses. Graves v. State, 632 So.2d 33, 36 (Ala.1993). However, the Supreme Court noted:
“Nevertheless, this Court ‘will not deliberately invite a petition for post-conviction relief,’ see Johnson v. State, 528 So.2d 1167, 1168 (Ala.Cr.App.1987), by holding Graves’s meritorious claim — that his conviction for manslaughter is due to *898 be reversed because his counsel failed to properly object to the consolidation— has not been preserved for review. Therefore, we affirm that portion of the judgment of the Court of Criminal Appeals reversing Graves’s conviction for manslaughter and remanding for a new trial.”
632 So.2d at 37 (footnote omitted).
This Court has subsequently held on numerous occasions that “ ‘claims regarding the consolidation of related cases must be raised at trial to be eligible for appellate review.’ ” Tolliver v. State, 814 So.2d 991, 993 (Ala.Crim.App.2000) (quoting Brown v. State, 701 So.2d 314, 316 (Ala.Crim.App.1997), citing in turn Thomas v. State, 587 So.2d 1248 (Ala.Crim.App. 1991)); see also Cole v. State, 721 So.2d 255, 260 (Ala.Crim.App.1998). Nevertheless, given the similarity between the facts in Graves and the facts before us today, it appears that the Supreme Court’s decision in Graves leaves us no choice but to reverse Anderson’s conviction for first-degree assault and remand this cause to the circuit court for a new trial. See § 12-3-16, Ala.Code 1975. However, in the interest of judicial economy, we urge the Supreme Court to revisit its decision in Graves.
II.
Anderson also contends that the trial court erred in denying his motion for a judgment of acquittal on the pistol-possession charge. Specifically, Anderson argues that the State failed to prove that he had a previous conviction for a “crime of violence.”
During the State’s case-in-chief, Detective Evans testified that following Anderson’s arrest on the assault charge he discovered that Anderson also had a previous conviction for a crime of violence. At this point, the State offered a certified copy of Anderson’s 1998 conviction for first-degree assault, which the trial court admitted into evidence. After the State rested, Anderson moved for a judgment of acquittal on the grounds that the State had failed to prove a prima facie violation of § 13A-ll-72(a), Ala.Code 1975. The trial court denied Anderson’s motion.
Citing Ex parte Johnson, 620 So.2d 665 (Ala.1993), Anderson argues that a certified copy of his 1998 first-degree assault conviction, together with Detective Evans’s testimony, was insufficient to establish that he had been convicted of a crime of violence, as that term is defined in § 13A-11-70, Ala.Code 1975.
Section 13A-11-72(a), Ala.Code 1975, provides that “No person who.has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his or her possession or under his or her control.” A “crime of violence” is defined as “murder, manslaughter[ ] (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny,” or an attempt to commit any of these crimes. § 13A-ll-70(2), Ala.Code 1975. However, as the Supreme Court noted in Ex parte Johnson:
“Because what is now § 13A-ll-70(2) was enacted years before the new Criminal Code offenses were enacted, see Tit. 14, § 172(a), Code of Ala.1940, one cannot simply look to the name given an offense in the new Criminal Code provision and conclude that it is synonymous with an older term found in § 13A-11-70(2). See Doss v. State, 220 Ala. 30, 123 So. 231 (1929); Hudson v. Reed, 259 Ala. 340, 66 So.2d 909 (1953).”
*899 620 So.2d at 667. Accord State v. Dunn, 767 So.2d 405, 407 (Ala.Crim.App.2000); Henry v. State, 714 So.2d 1002, 1005 (Ala.Crim.App.1998); Averhart v. State, 636 So.2d 1280, 1282 (Ala.Crim.App.1994).
However, as the State correctly points out, this line of cases is distinguishable from Anderson’s case in that each of those cases involved theft and burglary — offenses that are not commonly regarded as “violent” crimes. By contrast, Anderson’s previous conviction was for first-degree assault, an offense routinely regarded as violent. The Commentary to § 13A-6-20 through -22 notes that the Criminal Codé “eliminates the ‘assault with intent’ crimes which are now treated as attempts under § 13A-4-2.... Therefore, instead of prosecuting for assault with intent to murder, or assault with intent to ravish, it is proper to charge attempted murder or attempted rape.” Thus, although the five alternative methods of proving assault in the first degree in the current statute no longer contain the intent to rob, ravish, or murder, each requires the commission of a violent act, the causing of “serious physical injury” or serious permanent disfigurement. See § 13A-6-20(a)(1)-(5), Ala.Code 1975. Moreover, because this Court has previously recognized that second-degree assault was “undisputedly a crime of violence,” see Lewis v. State, 741 So.2d 452, 454 (Ala.Crim.App.1999), we may logically conclude that first-degree assault, a more serious offense, is also a crime of violence.
“It is a fundamental principle of judicial statutory construction that statutes should be read and construed in such a way as to give meaning to each of them, and to reconcile them if reasonable to do so.” Hunt v. State, 642 So.2d 999, 1014 (Ala.Crim.App.1993), aff'd, 642 So.2d 1060 (Ala.1994). Therefore, because § 13A-6-20 did not embrace an act that could not be deemed a crime of violence, the State presented sufficient evidence indicating that Anderson had been convicted of a prior crime of violence when it introduced the certified copy of his 1998 conviction for first-degree assault.
Based on the foregoing, we reverse Anderson’s conviction for first-degree assault and remand the cause for a new trial; we affirm the conviction for possession of a pistol after committing a crime of violence.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
COBB, J., concurs; SHAW, J., concurs in part and concurs in the result in part, with opinion, which McMILLAN, P.J., and BASCHAB, J., join.