SHAW, Judge,
concurring in part and concurring in the result in part.
I concur to affirm Anderson’s conviction for possession of a pistol after committing a crime of violence. However, I concur only in the result with respect to the decision to reverse Anderson’s conviction for first-degree assault. In Graves v. State, 632 So.2d 33 (Ala.1993), the Alabama Supreme Court opted to reach the consolidation issue even though it was clearly not preserved for appellate review either by a proper objection to the trial court’s consolidation order or by a motion to sever made pursuant to Rule 13.4(b), AIa.R.Crim.P.; it reached the consolidation issue apparently in order to avoid having to later reach the issue in the 'context of a postconviction challenge to counsel’s effectiveness. I am not persuaded that the Supreme Court’s decision in Graves to “ ‘not deliberately invite a petition for post-conviction relief,’ ” 632 So.2d at 37, quoting Johnson v. State, 528 So.2d 1167, 1168 (Ala.Crim.App.1987), effectively nullified the general rules of preservation with respect to consolidation issues and thereafter bound this Court always to reach an issue on direct appeal *900 in order to avoid a possible Rule 32 Ala. R.Crim.P., challenge to the conviction based on ineffective assistance of counsel. However, based on my research, I am aware of no case holding that a specific objection to a trial court’s consolidation order is not sufficient to preserve the consolidation issue for appellate review. In fact, Graves strongly suggests that such a specific objection would have been sufficient. See 632 So.2d at 36.