WELCH, Presiding, Judge.
A Jefferson County grand jury indicted Melvin Nicholson on one count of possessing a pistol after having been convicted of a crime of violence, a violation of § 13A-ll-72(a), Ala.Code 1975, and one count of third-degree domestic violence, a violation of § 13A-6-132, Ala.Code 1975. Nicholson was tried before a jury; the jury found Nicholson guilty of the pistol-possession charge and not guilty of the domestic-violence charge. The trial court sentenced Nicholson, who had two prior felony convictions, to a 10-year term of imprisonment. The trial court also ordered Nicholson to pay a $50 assessment to the Crime Victims Compensation Fund, and to pay court costs.
Nicholson filed a motion for a new trial, and he later filed an amended motion for a new trial. The trial court held a hearing on the motion and entered an order denying the motion. This appeal follows.
Tamecia Nickerson testified that, on May 9, 2009, when this incident occurred, she was married to Nicholson and they were living together with her three children. Nickerson testified that she and her sons returned to the family residence and found the screen door locked, and she could not use her key to get inside the residence. Nickerson and her sons knocked on the door and the bedroom window for several minutes before Nicholson came to the door. Once inside the residence, Nickerson and Nicholson argued about the door being locked and Nicholson failing to open the door, and they *1215 walked into the bedroom during the argument. Nickerson further testified: “And [Nicholson] usually keep [sic] a gun in the Bible case under the mattress. So, he reached up under there and grabbed the Bible case from under the mattress and took the gun out. And said that he was going to make somebody dance tonight. And so I was afraid.” (R. 13.) Nicholson then sat on the side of the bed, she said, and she left the bedroom and telephoned the police. The police arrived 10-20 minutes later, and while she waited for the police she remained in the living room and Nicholson remained in the bedroom. Nicholson was taken into custody.
Nickerson testified that Nicholson had brought the gun into the house, and she described the gun as a black nine-millimeter. She said that Nicholson kept the gun in a black cloth Bible case. Nickerson appeared to testify on cross-examination that someone had given Nicholson the gun after several houses in their neighborhood had been burglarized; Nickerson denied that the gun was given to her. (R. 24-25.) On redirect examination Nickerson testified that Nicholson had had the gun at least since 2006; that she had seen the gun in their house previously; and that she had seen Nicholson use the gun previously.
Michael Erby testified that he was employed by the City of Fairfield as a police detective and that he was assigned to investigate the domestic-violence case against Nicholson. Det. Erby stated that the police report of the incident indicated that a woman had contacted the police and said that her husband had threatened her with a weapon during a domestic dispute. Det. Erby stated that Nicholson had been arrested at the scene, and the police identified the weapon as a nine-millimeter Beretta semi-automatic pistol. He stated that the police were not able to identify the owner of the weapon, although the police ran a “trace” on the weapon to locate a record of its ownership.
The State presented a case-action summary as evidence that Nicholson had previously entered a guilty plea to a charge of third-degree burglary.
Tonkois Vandiber testified that in May 2009 he was working as a night-shift patrol officer. He stated that he had responded to the domestic-violence call at Nicholson’s residence and that he had participated in the arrest. Vandiber testified that a handgun was recovered from the home, specifically, “a Beretta nine-millimeter,” along with an ammunition magazine and some loose shells. (R. 48.)
Vandiber stated that once Nicholson was secured, Nickerson went into the home with the officers and she retrieved the gun from beneath the mattress, on what Nick-erson said was Nicholson’s side of the bed. Nickerson identified the gun as the one Nicholson had used, and she said that the gun belonged to Nicholson. The gun was inside a black leather Bible case, Vandiber said.
Peggy Sager testified for the defense. She stated that a friend had brought a gun to her house and that Nickerson then came to her house and picked up the gun. Sager stated that she did not know what Nick-erson did with the gun.

Analysis

Nicholson argues that the trial court erred when it denied the motion for a judgment of acquittal because, he says, the State failed to prove a prima facie case. Specifically, he argues that the State failed to prove that he had a prior conviction for a “crime of violence,” as that phrase has been defined by Alabama appellate courts; that the State failed to prove that the handgun was a “pistol,” as defined by § 13A-ll-70(2), Ala.Code 1975; and that *1216 the State failed to prove that he knowingly possessed the gun.
“ ‘ “In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.” ’ Ballenger v. State, 720 So.2d 1033, 1034 (Ala.Crim.App.1998), quoting Faircloth v. State, 471 So.2d 485, 488 (Ala.Crim.App.1984), aff'd, 471 So.2d 493 (Ala.1985). ‘ “The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.” ’ Nunn v. State, 697 So.2d 497, 498 (Ala.Crim.App.1997), quoting O’Neal v. State, 602 So.2d 462, 464 (Ala.Crim.App.1992). ‘“When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and in such a case, this court will not disturb the trial court’s decision.” ’ Farrior v. State, 728 So.2d 691, 696 (Ala.Crim.App.1998), quoting Ward v. State, 557 So.2d 848, 850 (Ala.Crim.App.1990). ‘The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.’ Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978).”
Roberson v. State, 864 So.2d 379, 384-85 (Ala.Crim.App.2002).
Section 13A-ll-72(a), Ala.Code 1975, provides: “No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his or her possession or under his or her control.” Section 13A-11-70(2), Ala.Code 1975, defines “crime of violence” as: “Any of the following crimes or an attempt to commit any of them, namely, murder, manslaughter (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny.” (Emphasis added.)
Even though the plain language of § 13A-11-70(2), Ala.Code 1975, includes “burglary” in its definition of “crime of violence,” Nicholson argues — and the State agrees — that Alabama appellate courts have held that whether a third-degree burglary conviction constitutes a crime of violence depends on the facts underlying the conviction. Ex parte Johnson, 620 So.2d 665, 666-68 (Ala.1993); Henry v. State, 714 So.2d 1002, 1004-05 (Ala.Crim.App.1998). The Alabama Supreme Court explained the basis for the appellate courts’ decisions:
“Regarding this definition, as it relates to a violation of § 13A-ll-72(a), the Court of Criminal Appeals stated:
“ ‘Sections 13-A-11-70 and -72 were not enacted as a part of Alabama’s new Criminal Code. See 1977 Acts 812, No. 607 (January 1,1980). Those sections were criminal laws in Alabama prior to the passage of the new Criminal Code, see Ala.Code 1975, §§ 13-6-150 and -152, and were transferred to the Criminal Code from Title 13, see Table II — Sections Transferred (to Title 13A) 1982 Replacement Vol. 12, Ala.Code 1975 at 3.
“ ‘Burglary and theft are defined in the Alabama Criminal Code, § 13A-7-7 and § 13A-8-2, respectively, and each offense embraces acts which would not have constituted its predecessor offense prior to the Criminal Code. See § 13-2-41 (burglary in the *1217 second degree), § 13-3-50 (grand larceny), and § 13-3-51 (petit larceny).’
“[Johnson v. State, 620 So.2d 661, 664 (Ala.Crim.App., 1991) ]. (Emphasis added.)
“In short, as the Court of Criminal Appeals indicated, convictions for burglary in the third degree and theft in the first and second degrees, as set out in the new Criminal Code provisions, can embrace acts that are not deemed a ‘crime of violence’ as that term was intended by the legislature in enacting what is now § 13A-11-70.
“Because what is now § 13A-ll-70(2) was enacted years before the new Criminal Code offenses were enacted, see Tit. 14, § 172(a), Code of Ala.1940, one cannot simply look to the name given an offense in the new Criminal Code provision and conclude that it is synonymous with an older term found in § 13A-11-70(2). See Doss v. State, 220 Ala. 30, 123 So. 231 (1929); Hudson v. Reed, 259 Ala. 340, 66 So.2d 909 (1953).”
Ex parte Johnson, 620 So.2d at 667.
The Alabama Supreme Court then considered the evidence the State had presented at Johnson’s trial in an attempt to prove that he had been convicted of a crime of violence, and it held:
“Addressing the evidence offered by the State on the prior-crime-of-violence element, the Court of Criminal Appeals stated: ‘The State proved that the appellant had been convicted of burglary in the third degree and theft of property in the first and second degrees.’ 620 So.2d at 664. Indeed, it is undisputed that on the element of a prior ‘crime of violence, ’ the State produced only evidence of the fact of these convictions under the new Criminal Code provisions. As we have discussed, this is insufficient to show proof on the element of a prior ‘crime of violence.’ ”
Ex parte Johnson, 620 So.2d at 667-68 (some emphasis added).
In the case now before us the State presented only the fact of Nicholson’s conviction for third-degree burglary. That evidence did not satisfy the State’s burden of proving that Nicholson had committed a prior crime of violence, and the State, therefore, failed to establish an element of the crime. The State argues in its brief that the record does not contain a copy of the exhibit the State introduced to prove Nicholson’s third-degree burglary conviction, and that, as a result, the record is silent as to the merits of Nicholson’s claim and this Court cannot predicate error on a silent record.[1] The case-action summary introduced by the State to prove the prior conviction is not in the record. However, our review of the record before us indicates that the State presented no evidence regarding anything other than the fact of Nicholson’s prior conviction, that is, the State presented nothing about the underlying facts of that conviction, and that information was necessary to establish an element of the crime and to prove a prima facie case.
Having found that the State failed to present an element of the offense for which Nicholson was convicted, we necessarily hold that Nicholson is entitled to relief on his claim of error.
“The judgment must be reversed and a judgment rendered for the defendant, because the State failed in its burden of proof. This Court cannot affirm a conviction where the record is silent, as it effectively is here, as to an essential *1218 element of the offense. See Ex parte Peterson, 466 So.2d 984, 987 (Ala.1984).”
Johnson, 620 So.2d at 669. See also Averhart v. State, 668 So.2d 140 (Ala.Crim.App.1995).
Because we hold that Nicholson is entitled to relief based on the failure of proof at trial, we pretermit discussion of the remaining issues he has raised in his brief on appeal.
For the foregoing reasons, the judgment of the circuit court is reversed, and a judgment is rendered for Nicholson.
REVERSED AND JUDGMENT RENDERED.
WINDOM, KELLUM, BURKE, and JOINER, JJ., concur.

. The State does not argue that Nicholson failed to raise the issue in the trial court, and, in fact, it acknowledged that Nicholson raised this specific claim in an amended motion for a new trial. (State’s brief, p. 14.)